

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

January 9, 2024

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**By ECF and Email**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Rm 1320
New York, N.Y. 10007
CronanNYSDChambers@nysd.uscourts.gov

      Re: *Marciniak v. Massachusetts Institute of Technology et al.*, No. 1:23-cv-10305

Dear Judge Cronan:

We represent defendants The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively "RU Defendants") in the above-captioned matter (*"Marciniak II"*).  We write in response to the Court's directive that RU Defendants respond to Plaintiffs' opposition to the RU Defendants' request for leave to file a motion to dismiss.  (ECF Nos. 33, 34.)

Rather than respond to any of the RU Defendants' substantive arguments in support of dismissal, Plaintiffs seek to stay the filing of the RU Defendants' motion to dismiss so that they can file a motion to consolidate the *Marciniak I* case (Case No. 22-Civ-10959) with this largely duplicative action.  Although Plaintiffs admit that "both actions [*Marciniak I* and *Marciniak II*] involved common questions of law, the same operative facts, substantially the same parties and witnesses," Plaintiffs, represented by counsel, improperly filed *Marciniak II*, instead of seeking leave to further amend the complaint in *Marciniak I*.[1]  Now, Plaintiffs seek to escape the consequences of their inappropriate decision; they should not be permitted to do so, so that their request for relief should be denied.  For the reasons set forth below and as set forth in their letter dated December 26, 2023 (ECF No. 32), the RU Defendants should be permitted to file their motion to dismiss in this action and Plaintiffs' request to stay the briefing schedule should be denied. Additionally, the RU Defendants oppose Plaintiffs' requests addressed to Judge Carter in *Marciniak I* for leave to move to consolidate that case with *Marciniak II* and to stay Plaintiffs' opposition to RU's pending motion to dismiss.[2] Allowing Plaintiffs to seek consolidation without providing the RU Defendants with the opportunity to have their motions to dismiss the respective complaints adjudicated on the merits would prejudice the RU Defendants and reward Plaintiffs' attempts to circumvent this Court's rules.

---

[1] Notably, Plaintiffs did not mark this case as "related" to *Marciniak I* in their civil case information statement as required by the Local Rules.

[2] In *Marciniak I*, Plaintiffs filed a pre-motion letter requesting leave to move to consolidate on January 5, 2024.  RU intends to file a letter in opposition to Plaintiffs' request on January 10, 2024.  The RU Defendants will provide a courtesy copy of that letter to this Court in accordance with Your Honor's Individual Rule 1.A.



The Honorable John P. Cronan
January 9, 2024
Page 2

Precluding the RU Defendants from filing their motion to dismiss in this case so that Plaintiffs can seek consolidation would be inefficient and prejudicial to the RU Defendants.  In *Marciniak I*, RU and the other defendants have motions to dismiss Plaintiffs' claims pending since December 15, and resolution of those motions will likely dispose of most parties and claims in Plaintiffs' Amended Complaint.  In *Marciniak II*, as set forth in the RU Defendants' pre-motion letter (ECF No. 32), that case should be dismissed in its entirety because (i) Plaintiffs' filing of *Marciniak II* was an improper attempt to circumvent the requirement that they seek leave to amend in *Marciniak I* to add any claims or defendants; and (ii) Plaintiffs' proffered reason for filing *Marciniak II* – to avail themselves of the revival of the statute of limitations for certain tort claims under the New York Adult Survivor's Act ("ASA") – does not apply to the RU Defendants because Plaintiffs do not allege that anyone affiliated with RU engaged in conduct covered by the ASA.

To the extent that Plaintiffs, who are represented by the same counsel in both lawsuits, sought to bring additional claims against RU and add Dr. Freiwald, based on the facts alleged in *Marciniak I*, Plaintiffs should have sought leave for a second amendment of the *Marciniak I* complaint. Plaintiffs did not follow this appropriate process because any attempt to file a second amended complaint would require leave of the Court, which would likely have been denied on futility grounds.

In addition to affirming their improper failure to seek leave to amend, granting Plaintiffs' request for a stay of the briefing on the RU Defendants' proposed motion to dismiss in *Marciniak II* before this Court and RU's pending motion to dismiss in *Marciniak I* before Judge Carter would unjustly reward Plaintiffs' improper actions and cause prejudice to the RU Defendants.  Although Plaintiffs filed *Marciniak II* on November 22, 2023 and served the various RU Defendants in December, they delayed raising the issue of consolidation until after the RU Defendants sought leave to file a motion to dismiss *Marciniak II* and **three weeks after** the defendants in *Marciniak I* filed their motions to dismiss on December 15, 2023.[3]  Plaintiffs' delays prejudice RU, which already has devoted significant time and resources to filing both an individual motion to dismiss and a joint motion to dismiss in *Marciniak I* on a set briefing schedule as well as to preparing for a motion to dismiss in *Marciniak II*.

Plaintiffs' attempts to circumvent this Court's rules and to deprive RU Defendants from making their motions to dismiss should not be countenanced. Accordingly, for the reasons set forth herein and in RU Defendants' pre-motion letter (ECF No. 32), the RU Defendants should be permitted to file their motion to dismiss *Marciniak II* on February 6, 2024, with Plaintiffs' opposition due March 7, 2024, and any reply due March 21, 2024.  Additionally, RU maintains that Plaintiffs' request to file a motion to consolidate should be deferred until after the motions to dismiss in both cases are resolved and will set forth its position in its forthcoming letter to Judge Carter in *Marciniak I*.

---

[3] Plaintiffs were well-aware of the briefing schedule for the motions to dismiss in *Marciniak I* before they filed *Marciniak II*.



The Honorable John P. Cronan
January 9, 2024
Page 3

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom