UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. KAROLINA MARCINIAK-DOMINGUES GONCALVES AGRA and MR. PEDRO MARCINIAK-DOMINGUES GONCALVES AGRA, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS INSTITUTE OF TECHNOLOGY, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:23-cv-10305-JPC <br> ) <br> ) <br> ) **ORAL ARGUMENT REQUESTED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MASSACHUSETTS INSTITUTE OF TECHNOLOGY'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

Jennifer L. Chunias (*pro hac vice*)
Emily Unger (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
Email: jchunias@goodwinlaw.com
Email: eunger@goodwinlaw.com

Marco Y. Wong
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Email: marcowong@goodwinlaw.com

*Counsel for Defendant Massachusetts
Institute of Technology*

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1
I.  THE DOCTRINE OF CLAIM SPLITTING APPLIES. ................................................... 1
II. THIS COURT LACKS PERSONAL JURISDICTION OVER MIT. ............................... 2
    A.  This Court Does Not Have General Jurisdiction Over MIT. ................................ 2
    B.  This Court Does Not Have Specific Jurisdiction Over MIT ................................ 3
III. VENUE IS IMPROPER IN NEW YORK. ....................................................................... 4
IV. PLAINTIFFS DO NOT STATE A GENDER AND SEXUAL HARASSMENT
    BASED DISCRIMINATION CLAIM AGAINST MIT. .................................................. 5
    A.  Plaintiffs Fail To Plead An Employer-Employee Relationship. ........................... 5
    B.  Plaintiffs' Discrimination Claim Is Untimely. ...................................................... 6
    C.  Plaintiffs Fail To State A Discrimination Claim. .................................................. 7
V.  PLAINTIFFS DO NOT STATE A RETALIATION CLAIM AGAINST MIT ................ 8
VI. PLAINTIFFS DO NOT STATE AN ASA CLAIM AGAINST MIT. .............................. 8
VII. PLAINTIFFS DO NOT STATE AN IIED CLAIM AGAINST MIT. .............................. 9
VIII. THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR A STAY. ................... 9
CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                    Page(s)

*Am. Stock Exch., LLC v. Mopex, Inc.*,
  215 F.R.D. 87 (S.D.N.Y. 2002) ...................................................................................2

*Azzolini v. Alitalia Airlines*,
  1991 WL 243380 (S.D.N.Y. Nov. 13, 1991) ..............................................................7

*Branded Apparel Grp. LLC v. Muthart*,
  2018 WL 4308545 (S.D.N.Y. Sept. 10, 2018) ....................................................1, 2, 9

*Bustamante v. Atrium Med. Corp.*,
  2020 WL 583745 (S.D.N.Y. Feb. 6, 2020) ..................................................................4

*Carney v. Bos. Mkt.*,
  2018 WL 6698444 (S.D.N.Y. Dec. 20, 2018) .............................................................9

*Cohn v. New York City Dep't of Parks*,
  1996 WL 449539 (S.D.N.Y. Aug. 9, 1996) .................................................................7

*Delgado v. City of New York*,
  2021 WL 2473817 (S.D.N.Y. June 17, 2021) (Cronan, J.) .........................................9

*Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*,
  2023 WL 185496 (S.D.N.Y. Jan. 13, 2023) ................................................................5

*E.E.O.C. v. Port Auth. of New York & New Jersey*,
  768 F.3d 247 (2d Cir. 2014) ........................................................................................7

*Fometal S.R.L. v. Keili Trading LLC*,
  2024 WL 307976 (S.D.N.Y. Jan. 26, 2024) ................................................................5

*Gibson v. Suffolk Cnty. Police Dep't*,
  2021 WL 681094 (E.D.N.Y. Feb. 22, 2021) ...............................................................3

*Gonzalez v. City of New York*,
  2015 WL 9450599 (E.D.N.Y. Dec. 22, 2015) .............................................................5

*Johnson v. NYU Langone Health*,
  2023 WL 6393466 (S.D.N.Y. Sept. 30, 2023) .............................................................8

*Kairam v. W. Side GI, LLC*,
  2020 WL 4194821 (S.D.N.Y. July 20, 2020) ..............................................................1

*Klinkowitz v. Jamaica Hosp. Med. Ctr.*,
  2022 WL 818943 (E.D.N.Y. Mar. 17, 2022) ...............................................................5

*Liu v. Chan*,
 2021 WL 2281636 (E.D.N.Y. May 12, 2021) ................................................................1, 2, 10

*McFarlane v. Iron Mountain Info. Mgmt. Servs., Inc.*,
 2018 WL 941748 (S.D.N.Y. Feb. 16, 2018) ........................................................................1, 2

*Nektalov v. Kuwait Airways Corp.*,
 2016 WL 5678549 (E.D.N.Y. Sept. 30, 2016) .........................................................................9

*Nghiem v. U.S. Dep't of Veterans Affs.*,
 323 F. App'x 16 (2d Cir. 2009) ...............................................................................................6

*Ochoa v. New York City Dep't of Educ.*,
 2021 WL 5450343 (S.D.N.Y. Nov. 22, 2021) .....................................................................7, 8

*Oshinsky v. New York City Hous. Auth.*,
 2000 WL 218395 (S.D.N.Y. Feb. 23, 2000) ............................................................................7

*Perna v. Sacred Heart Univ., Inc.*,
 2023 WL 2330477 (S.D.N.Y. Mar. 1, 2023) ...........................................................................2

*Presbyterian Healthcare Servs. v. Goldman Sachs & Co.*,
 2017 WL 1048088 (S.D.N.Y. Mar. 17, 2017) .........................................................................9

*Quinn v. Green Tree Credit Corp.*,
 159 F.3d 759 (2d Cir. 1998) ....................................................................................................7

*Roches-Bowman v. City of Mount Vernon*,
 2022 WL 3648394 (S.D.N.Y. Aug. 24, 2022) .........................................................................7

*Romualdo v. Guru Krupa 104 Corp.*,
 2023 WL 6167614 (E.D.N.Y. Sept. 1, 2023) ..........................................................................5

*Sacerdote v. Cammack Larhette Advisors, LLC*,
 939 F.3d 498 (2d Cir. 2019) ....................................................................................................1

*Siclari v. New York City Dep't of Educ.*,
 2020 WL 7028870 (S.D.N.Y. Nov. 30, 2020) .........................................................................6

*Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*,
 702 F. Supp. 2d 122 (E.D.N.Y. 2010) .....................................................................................9

*Six Dimensions, Inc. v. Perficient, Inc.*,
 2017 WL 10676897 (S.D.N.Y. Mar. 28, 2017) .......................................................................5

*Soloviev v. Goldstein*,
 104 F. Supp. 3d 232 (E.D.N.Y. 2015) .....................................................................................8

*Soper v. Simmons Int'l, Ltd.*,
    582 F. Supp. 987 (N.D.N.Y. 1983) ............................................................................................5

*Sutton v. Quinnipiac Univ.*,
    2021 WL 5883789 (N.D.N.Y. Dec. 13, 2021) ...........................................................................3

*Tesla Wall Sys., LLC v. Related Cos., L.P.*,
    2017 WL 6507110 (S.D.N.Y. Dec. 18, 2017) ...........................................................................2

*Thackurdeen v. Duke Univ.*,
    130 F. Supp. 3d 792 (S.D.N.Y. 2015) ...............................................................................2, 3, 4

*Toledo v. Unibud Restoration Corp.*,
    2022 WL 171198, at *2 (S.D.N.Y. Jan. 19, 2022) .....................................................................5

*Yan v. Ziba Mode Inc.*,
    2016 WL 1276456 (S.D.N.Y. Mar. 29, 2016) ...........................................................................7

MIT[1] demonstrated in the Motion that the Complaint should be dismissed for four independently sufficient reasons: (1) the Court lacks personal jurisdiction over MIT; (2) venue is improper in New York; (3) the doctrine of claim splitting bars this suit; and (4) due to numerous pleading defects, the Complaint fails to state a claim. In their Opposition (Dkt. 52, or the "Opp."), Plaintiffs repeatedly mischaracterize governing law and fail to apply the law to the facts they alleged, and for these reasons, the Complaint should be dismissed in full and with prejudice.

## ARGUMENT

**I.   THE DOCTRINE OF CLAIM SPLITTING APPLIES.**

Plaintiffs have conceded that "both actions[, *Marciniak I* and *Marciniak II*,] involve[] common questions of law, the same operative facts, [and] substantially the same parties and witnesses." Dkt. 33, at 1. Where, as here, the "two actions involve the same parties, the same rights and relief prayed for, and the same facts," dismissal is appropriate. *See Kairam v. W. Side GI, LLC*, 2020 WL 4194821, at *3 (S.D.N.Y. July 20, 2020). Nonetheless, Plaintiffs say that claim splitting does not apply because *Marciniak I* has "not reached any final judgment or resolution" and *Marciniak II* adds "two individual Defendants." Opp. 8. Neither argument has merit.

Claim splitting applies even if the prior action has not reached final judgment or resolution. *E.g.*, *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504-05 (2d Cir. 2019). The cases cited in MIT's Motion, which Plaintiffs do not address, confirm this. *See McFarlane v. Iron Mountain Info. Mgmt. Servs., Inc.*, 2018 WL 941748, at *1-3 (S.D.N.Y. Feb. 16, 2018) (dismissing subsequent complaint despite prior action not reaching final judgment or resolution); *Branded Apparel Grp. LLC v. Muthart*, 2018 WL 4308545, at *1, *3-5 (S.D.N.Y. Sept. 10, 2018) (same); *Liu v. Chan*, 2021 WL 2281636, at *1-2, 6-7 (E.D.N.Y. May 12, 2021) (same). Those cases also

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Memorandum of Law in Support of MIT's Motion to Dismiss the Complaint (Dkt. 43, the "Motion," or "Mot.").

confirm that claim splitting applies despite the inclusion of new defendants. *E.g.*, *McFarlane*, 2018 WL 941748, at *1-3 (dismissing subsequent complaint despite that it added a new defendant); *Muthart*, 2018 WL 4308545, at *1, 3-5 (same); *Liu*, 2021 WL 2281636, at *2, 6-7 (same).[2]

## II.   THIS COURT LACKS PERSONAL JURISDICTION OVER MIT.

### A.   This Court Does Not Have General Jurisdiction Over MIT.

Plaintiffs do not dispute that MIT is incorporated and maintains its principal place of business in Massachusetts, Mot. 11, and concede that courts routinely decline to exercise general jurisdiction over a university "merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities," Opp. 9. Notwithstanding this, Plaintiffs claim that the Court has general jurisdiction because "MIT's actions, influence and employees have reached into New York by violating Marciniak's rights as a New York resident" and "a New Yorker was raped at one of its programs." *Id.* at 9-11. Plaintiffs are wrong.

Plaintiffs cannot plead general jurisdiction based on "MIT's actions, influence and employees [that] have reached into New York." *See id.* at 10. That is precisely the type of generic, unexceptional conduct of a university that courts routinely find inadequate. *E.g.*, *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 796-809 (S.D.N.Y. 2015) (no jurisdiction although university recruits from, fundraises in, offers education and volunteer programs in, maintains active alumni association in, and employs personnel tasked specifically with recruiting and fundraising in New York); *Perna v. Sacred Heart Univ., Inc.*, 2023 WL 2330477, at *4-5 (S.D.N.Y. Mar. 1, 2023) (no

---

[2] Plaintiffs' cases do not conclude otherwise. *See Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 88-90 (S.D.N.Y. 2002) (patentee precluded from belatedly adding infringement claim to lawsuit); *Tesla Wall Sys., LLC v. Related Cos., L.P.*, 2017 WL 6507110, at *6 (S.D.N.Y. Dec. 18, 2017) (no claim splitting where defendants "have distinct legal interests from" defendant in prior action). To the extent Plaintiffs try to excuse their splitting of claims because "the statute of limitations was approaching for the [ASA] claim," that is a problem of Plaintiffs' creation. *Cf.* Opp. 8. Plaintiffs should have moved to amend the *Marciniak I* complaint and had ample time to do so, but did not.

jurisdiction although university recruits 37.9% of its student body from New York).[3] Plaintiffs' attempt to plead general jurisdiction based on Marciniak's New York residency status also fails. *See* Opp. 10-11. In analyzing general jurisdiction, the Court must examine *MIT's in-forum contacts*—whether they are "so continuous and systematic as to render [MIT] essentially at home" in New York. *Thackurdeen*, 130 F. Supp. 3d at 799. Marciniak's residency status is irrelevant to that inquiry. *E.g.*, *id.* at 796-809 (no jurisdiction despite that plaintiffs were New York residents).

### B. This Court Does Not Have Specific Jurisdiction Over MIT.

In their Opposition, Plaintiffs only argue jurisdiction based on Section 302(a)(1) and (3), waiving any claims based on Sections 302(a)(2) and (4). *E.g.*, *Gibson v. Suffolk Cnty. Police Dep't*, 2021 WL 681094, at *2 (E.D.N.Y. Feb. 22, 2021) (arguments waived where plaintiff failed to raise them in motion to dismiss opposition). Further, neither Section 302(a)(1) nor (3) apply here.

Although Plaintiffs do not cite Section 302(a)(1), they argue that "MIT transacts business within New York as it contracts with New York based institutions *i.e.* RU to access its research and postdocs." *See* Opp. 12. Even if that generic, conclusory allegation were sufficient to show that MIT transacted business within New York, Plaintiffs have not alleged that their claims "arise out of the business activity that [MIT] allegedly conducts in New York State." *See Sutton v. Quinnipiac Univ.*, 2021 WL 5883789, at *12 (N.D.N.Y. Dec. 13, 2021). Plaintiffs have not alleged that their claims arise out of MIT's contracts with New York institutions, including RU.

As for Section 302(a)(3), Plaintiffs assert that MIT "intentionally mishandled New York resident Marciniak's complaint of rape by Azevedo occurring at the CBMM program (constituting

---

[3] Plaintiffs allege that MIT had "atypical contact . . . with New York via the alleged conspiracy pled in the detailed Complaint in collaboration with the other involved institutions," Opp. 11, but fails to plead any conspiracy at all—much less one that occurred in New York. Instead, the vast majority of the allegations do not relate to MIT at all, and as Plaintiffs concede, all but one of the remaining allegations occurred in Massachusetts. *See* Mot. 13 & n.11; Opp. 12 (describing Marciniak's "single New York-related rape allegation and her resulting formal complaint").

tortious behavior) in conspiring to conceal what occurred to salvage Azevedo's reputation, keep his work untainted and come out unscathed itself." *See* Opp. 12. There are several problems with this argument. *First*, Marciniak's complaint of rape was made to MIT's Title IX Bias Response Office, which is in Massachusetts. *See* Compl. ¶ 65. Applying a situs-of-injury test, any alleged injury occurred in Massachusetts ("the location of the original event which caused the injury"), not New York ("the location where the resultant damages are subsequently felt by the plaintiff"). *See Thackurdeen*, 130 F. Supp. 3d at 806 ("An injury does not occur within the state simply because the plaintiff is a resident."). *Second*, MIT does not regularly conduct business in New York or derive substantial revenue from goods or services rendered in New York, as required under Section 302(a)(3), and Plaintiffs do not contest this. *See* Mot. 14. *Finally*, it is not reasonably expected that the myriad of alleged events—all but one of which Plaintiffs concede occurred outside New York—would generate consequences for MIT in New York. *See id.*; *cf.* Opp. 13.

Finally, Plaintiffs still fail to plead minimum contacts to satisfy due process for extending jurisdiction over MIT. *See Bustamante v. Atrium Med. Corp.*, 2020 WL 583745, at *4 (S.D.N.Y. Feb. 6, 2020). The Court should accordingly dismiss all claims against MIT under Rule 12(b)(2).

## III. VENUE IS IMPROPER IN NEW YORK.

Plaintiffs claim that venue is proper in New York because "a substantial part of the events giving rise to her sexual assault, harassment, discrimination and retaliation claims pertaining to MIT's involvement occurred in this district and the actions taken by MIT continued to have an effect on Marciniak after her return to New York." Opp. 13-14. That claim is belied by the fact that of the 49 paragraphs of the Complaint that Plaintiffs cite in support of their venue argument, *only one paragraph* clearly concerns an event occurring in New York that Plaintiffs associate with

4

MIT. *See id.* (citing Compl. ¶¶ 44-92); Compl. ¶ 56.[4] That MIT's alleged actions impacted Marciniak after she returned to New York is not determinative. *E.g.*, *Soper v. Simmons Int'l, Ltd.*, 582 F. Supp. 987, 992 (N.D.N.Y. 1983) (transferring case from N.D.N.Y. to S.D.N.Y. despite allegations that "the impact of the conspiracy is felt in" N.D.N.Y.). If it were otherwise, this would mean that "plaintiffs could always sue in their home forum," which is not what Congress provided. *See Six Dimensions, Inc. v. Perficient, Inc.*, 2017 WL 10676897, at *7 (S.D.N.Y. Mar. 28, 2017).

## IV. PLAINTIFFS DO NOT STATE A GENDER AND SEXUAL HARASSMENT BASED DISCRIMINATION CLAIM AGAINST MIT.

### A. Plaintiffs Fail To Plead An Employer-Employee Relationship.

Plaintiffs claim MIT was "a joint employer sharing significant control over [Marciniak's] employment in conjunction with RU and Freiwald via the cooperative agreement." Opp. 14. But instead of alleging that MIT hired, fired, disciplined, paid, or supervised Marciniak, as they concede are relevant to the court's analysis, *cf. id.* at 15-16, they simply assert in conclusory fashion that "RU and MIT . . . share employees" and "are purposefully intertwined to share talent, research, funding and collaborating," *id.* at 16.[5] Such conclusory control allegations fall far short of adequately pleading a joint employer relationship. *Romualdo v. Guru Krupa 104 Corp.*, 2023 WL 6167614, at 7 n.5 (E.D.N.Y. Sept. 1, 2023) (allegation that "Defendants, in the collective, share control over the employees," was inadequate); *see* Mot. 18-19 (collecting additional cases).[6]

---

[4] Because "[t]he focus of the plaintiffs' claims [against MIT] is on events that transpired" in Woods Hole, Compl. ¶¶ 47-48, 61-62, Cambridge, *id.* ¶¶ 58-59, 64, 70-71, and Falmouth, *id.* ¶ 67, "all of which were in the District of Massachusetts," venue is inappropriate in New York. *See Doe 1 v. Congregation of Sacred Hearts of Jesus & Mary*, 2023 WL 185496, at *2 (S.D.N.Y. Jan. 13, 2023).

[5] Plaintiffs' cases do not help them: they instead *decline* to find a joint employer relationship based on conclusory allegations of control. *See Toledo v. Unibud Restoration Corp.*, 2022 WL 171198, at *2 (S.D.N.Y. Jan. 19, 2022); *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, 2022 WL 818943, at *7-10 (E.D.N.Y. Mar. 17, 2022); *Gonzalez v. City of New York*, 2015 WL 9450599, at *3 (E.D.N.Y. Dec. 22, 2015).

[6] Plaintiffs' claim that MIT's failure to "provide the Court with a sworn affidavit by an MIT executive" regarding Azevedo's employment status, while simultaneously "proffer[ing] a sworn affidavit" regarding jurisdiction, "supports the existence of an employer-employee relationship," bespeaks desperation. *See* Opp. 17. While courts often decide personal jurisdiction motions "on the basis of affidavits," they typically only consider "documents incorporated by reference in or integral to a complaint" when evaluating the adequacy of a pleading. *Fometal S.R.L. v. Keili Trading*

### B. Plaintiffs' Discrimination Claim Is Untimely.

Plaintiffs do not contest that they were required to file an administrative complaint within 300 days (Title VII) and three years (NYSHRL and NYCHRL) of the allegedly discriminatory act. *See* Mot. 19. Nor do they dispute that Marciniak filed a Charge of Discrimination with the EEOC on or about June 7, 2022 against RU, *not MIT*. *See id.* Further, Plaintiffs do not challenge that none of the events occurring after June 7, 2019 involved MIT. *See id.* at 19-20. Their claim is too late.

Plaintiffs attempt to save their untimely claims by relying upon the continuing violation doctrine, Opp. 14-15, which is "heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances." *Siclari v. New York City Dep't of Educ.*, 2020 WL 7028870, at *4 (S.D.N.Y. Nov. 30, 2020). Under the continuing violation doctrine, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Nghiem v. U.S. Dep't of Veterans Affs.*, 323 F. App'x 16, 17 (2d Cir. 2009). Plaintiffs have not shown that any compelling circumstances exist. *First*, they fail to plead any "ongoing policy of discrimination" by MIT. *See id. Second*, they do not explain how "being denied a TA position [by CBMM], suffering the abrupt curtailing of her research [by RU] . . . and being terminated by RU in November 2021," were "in furtherance of" *an MIT policy*. *See id*; Opp. 15. *Third*, the acts are too discrete. Plaintiffs allege that "[i]n or about *early February 2020*, the *CBMM Directors* denied [Marciniak] the TA position," Compl. ¶ 92; "on or about *July 20, 2020* . . . [*Freiwald*] upheld his

---

*LLC*, 2024 WL 307976, at 1 n.1 (S.D.N.Y. Jan. 26, 2024). Thus, MIT only submitted an affidavit in support of its jurisdictional arguments. For completeness, MIT hereby submits a declaration confirming that neither Azevedo nor Freiwald were employees of MIT at all relevant times, and did not receive any compensation from MIT. Declaration of Lianne Shields (Exhibit A) ¶¶ 4, 6.

6

decision to demote her work to limited research," *id.* ¶ 99; and "*RU's HR Department . . .* informed her that her last day of employment at the University would be *November 30, 2021*," *id.* ¶ 106. Because the allegations "involve different perpetrators, actions, or targets, or are temporally distant from one another," the continuing violation doctrine does not apply. *See Roches-Bowman v. City of Mount Vernon*, 2022 WL 3648394, at *4 (S.D.N.Y. Aug. 24, 2022).[7]

### C. Plaintiffs Fail To State A Discrimination Claim.

Plaintiffs concede they must plead both an "adverse employment action" by MIT, and that such action was "because of her . . . sex," but fail to do either. *See* Opp. 16. In claiming that Marciniak was subject to an adverse employment action, Plaintiffs cite two discrete paragraphs in the Complaint. *Id.* at 16-17. The first paragraph concerns Marciniak's filing of "an incident report" with MIT's Title IX office, which ultimately referred her complaint to MBL for investigation. *See* Compl. ¶ 65. But Plaintiffs still provide no support for the notion that the referral of a complaint to another institution is an adverse action as a legal matter. Mot. 21. The second paragraph concerns Defendants' "discharging, barring, refusing to transfer, retain, hire, select, employ and/or otherwise discriminating against Plaintiff," "decision to ignore Plaintiff's good faith complaints about discrimination," and decision to "abruptly end[] Plaintiff's research project(s)." *See* Compl. ¶ 114. But Plaintiffs still offer no facts showing that *MIT* had any role in those decisions. Mot. 21. *Second*, Plaintiffs still fail to allege animus or facts suggesting that MIT would treat a similarly-situated man differently, as required to plead sex-based discrimination. *Id.* at 21-22.[8]

---

[7] Plaintiffs' cases *uniformly decline to apply* the continuing violation doctrine. *E.g.*, *Oshinsky v. New York City Hous. Auth.*, 2000 WL 218395, at *8 (S.D.N.Y. Feb. 23, 2000); *Cohn v. New York City Dep't of Parks*, 1996 WL 449539, at *4-7 (S.D.N.Y. Aug. 9, 1996); *Azzolini v. Alitalia Airlines*, 1991 WL 243380, at *3-4 (S.D.N.Y. Nov. 13, 1991); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766 (2d Cir. 1998).

[8] Plaintiffs' cases *confirm* that the Complaint fails to plausibly state a discrimination claim. *E.g.*, *Yan v. Ziba Mode Inc.*, 2016 WL 1276456, at *4 (S.D.N.Y. Mar. 29, 2016) (dismissing complaint that failed to "compare [plaintiff] to employees who are similarly situated in all material respects"); *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 256-59 (2d Cir. 2014) (affirming dismissal of complaint that alleged gender discrimination without pleading that "pay differentials existed despite the attorneys' performance of substantially equal work"); *Ochoa v. New*

## V.     PLAINTIFFS DO NOT STATE A RETALIATION CLAIM AGAINST MIT.

Plaintiffs offer no response to MIT's arguments that, with respect to their retaliation claim, they fail to plead an employer-employee relationship and that their claims are timely. *Cf.* Opp. 17-18. The Court should dismiss on those bases alone. Nonetheless, Plaintiffs cry retaliation by MIT based on "the CBMM summer program's denial of the TA position in 2020 not for reasons related to her qualifications or work product and awareness of her complain[t] as of May 2019." *Cf. id.* at 18. The problem is that Plaintiffs still do not allege that MIT participated in the hiring process. *See* Mot. 24 n.15. In any event, Plaintiffs still fail to plead causation between Marciniak's complaint about a sexual assault in 2019 with the decision by CBMM summer program administrators not to offer her a TA position *one year later*, especially in light of facts pled in the Complaint that *directly refute* any inference of retaliation. *See id.*; *see also Ochoa*, 2021 WL 5450343, at *4 ("the [one year] temporal proximity between the negative inference and the complaint is too attenuated to infer a causal connection on timing alone," absent any "other facts to support a causal inference").

## VI.    PLAINTIFFS DO NOT STATE AN ASA CLAIM AGAINST MIT.

Plaintiffs admit that the ASA only "revived" time-barred claims that "constitute a sexual offense as defined in article one hundred thirty of the penal law." Opp. 18. Plaintiffs still do not cite any provision of the New York penal law that was violated, much less plead facts to state a claim, so, like the only case cited by Plaintiffs, their ASA claim must be dismissed. *See Johnson v. NYU Langone Health*, 2023 WL 6393466, at *3 (S.D.N.Y. Sept. 30, 2023); Mot. 24.

---

*York City Dep't of Educ.*, 2021 WL 5450343, at *3 (S.D.N.Y. Nov. 22, 2021) (dismissing complaint absent pleading of "sufficient facts to give rise to an inference of discriminatory intent"); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 247-50 (E.D.N.Y. 2015) (dismissing complaint that failed to plead either adverse action or discriminatory intent).

## VII. PLAINTIFFS DO NOT STATE AN IIED CLAIM AGAINST MIT.

Plaintiffs do not dispute that the statute of limitations for an IIED claim is one year, and there is no allegation of misconduct by MIT after November 22, 2022. Mot. 24. Plaintiffs rely on the continuing violation doctrine in the hope of saving their claims from untimeliness, but that doctrine does not apply as explained above. *Supra* at Section IV.B. The IIED claim not only is untimely, it also fails on the merits. Plaintiffs attempt to water down the requisite legal standard by suggesting it is enough to plead that "MIT owed and breached a duty to her endangering her physical and psychological safety." Opp. 19. In fact, as Plaintiffs' own case holds, an IIED claim "requires that the defendant *intend to cause* severe emotional distress." *Simpson ex rel. Simpson v. Uniondale Union Free Sch. Dist.*, 702 F. Supp. 2d 122, 134 (E.D.N.Y. 2010).[9] *First*, Plaintiffs do not plead intent. *Second*, they fail to show how "mishandling [Marciniak's] employment relationship" constitutes "extreme and egregious conduct." *Id. Third*, their claim is barred because New York does not "allow[] emotional distress claims to be brought where other tort remedies are available." *Delgado v. City of New York*, 2021 WL 2473817, at *19 (S.D.N.Y. June 17, 2021) (Cronan, J.); *Nektalov v. Kuwait Airways Corp.*, 2016 WL 5678549, at *10 (E.D.N.Y. Sept. 30, 2016) (dismissing IIED claim where plaintiff brought NYSHRL and NYCHRL claims).

## VIII. THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR A STAY.

"In deciding how to exercise its discretion [to stay or dismiss a lawsuit], the court is to consider the equities of the situation." *Muthart*, 2018 WL 4308545, at *4. The equities tip

---

[9] To the extent that Plaintiffs are trying to amend the Complaint now to add a negligent infliction of emotional distress claim, Opp. 18-19, they cannot. *E.g.*, *Presbyterian Healthcare Servs. v. Goldman Sachs & Co.*, 2017 WL 1048088, at *13 (S.D.N.Y. Mar. 17, 2017) ("The Court cannot consider allegations that the plaintiffs raise for the first time in their brief opposing the motion to dismiss because it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Nor should the Court grant leave for Plaintiffs to amend, given that Plaintiffs have already had *three* opportunities to plead such a claim in *Marciniak I* and this case, but did not. In any event, granting leave would be futile because Plaintiffs do not (and cannot) allege the requisite facts for a negligence infliction of emotional distress claim. *See Carney v. Bos. Mkt.*, 2018 WL 6698444, at *4 (S.D.N.Y. Dec. 20, 2018).

9

decidedly in favor of dismissal where "it is clear that [plaintiff] deliberately sought to circumvent this Court's scheduling order by filing a [duplicative] action against [defendant]." *Id.*; *Liu*, 2021 WL 2281636, at *3, 6-7 (dismissing duplicative complaint that "attempted to circumvent the Rule 15 requirements for obtaining Court leave to amend").[10]

## CONCLUSION

The Complaint should be dismissed with prejudice and MIT should be awarded its attorneys' fees and costs incurred in connection with defending against Plaintiffs' impermissible second lawsuit.

Dated:  March 11, 2024

Respectfully submitted,
MASSACHUSETTS INSTITUTE OF TECHNOLOGY

By its attorneys,

*/s/ Jennifer L. Chunias*

Jennifer L. Chunias (*pro hac vice*)
Emily Unger (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
Email: jchunias@goodwinlaw.com
Email: eunger@goodwinlaw.com

Marco Y. Wong
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Email: marcowong@goodwinlaw.com

---

[10] As the *Marciniak I* court observed in denying Plaintiffs' consolidation motion, Plaintiffs "have not shown good cause for filing *Marciniak II* . . . and requesting to move to consolidate the cases, rather than moving to amend their First Amended Complaint in *Marciniak I*." *Marciniak I*, Dkt. 93. Plaintiffs should not be allowed to circumvent the Federal Rules' requirements for obtaining the *Marciniak I* court's leave to amend, and avoid the consequences of their delay, by filing a duplicative action before this Court.

10

## **CERTIFICATE OF SERVICE**

I, Jennifer L. Chunias, hereby certify that a copy of the foregoing Reply Memorandum of Law in Support of Massachusetts Institute of Technology's Motion to Dismiss the Complaint, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 11, 2024.

Dated: March 11, 2024                                                                  */s/ Jennifer L. Chunias*