**PROSKAUER ROSE LLP**
Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. KAROLINA MARCINIAK-DOMINGUES GONCALVES AGRA and MR. PEDRO HENRIQUE MARCINIAK-DOMINGUES GONCALVES AGRA,<br><br>Plaintiffs,<br><br>-against-<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY, ROCKEFELLER UNIVERSITY, NATIONAL SCIENCE FOUNDATION (NSF) – CENTER FOR BRAINS MINDS AND MACHINES (CBMM) COOPERATIVE AGREEMENT, FREDERICO AZEVEDO and WINRICH FREIWALD,<br><br>Defendants. | No. 23-cv-10305 (JPC) |

**DEFENDANTS THE ROCKEFELLER UNIVERSITY AND DR. WINRICH FREIWALD'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................1
ARGUMENT ...................................................................................................................................1
    I.    Plaintiffs' Complaint Should Be Dismissed Because It Is Duplicative of *Marciniak I*...................................................................................................................1
    II.    Plaintiffs Fail to Counter That Independent, Additional Grounds Warrant Dismissal of Many of Plaintiffs' Claims. ...................................................................5
        A.    Plaintiffs Present No Legal Basis For Their Claim Under The ASA, Nor That the ASA Revives Other Claims. ..........................................................5
            1.    The ASA Does Not Provide an Independent Cause of Action. .........5
            2.    Plaintiffs Fail to Allege Criminal Conduct That Could Revive Their Other Causes of Action Under the ASA. ....................................................6
            3.    Because The ASA Does Not Apply to The RU Defendants, Plaintiffs' Claims Are Untimely. .................................................................................7
                i.    Plaintiffs' Title VII Claims Are Untimely. ...................................7
                ii.    Plaintiffs' NYSHRL and NYCHRL Claims Are Untimely. .........9
                iii.    Plaintiffs' IIED Claim Is Untimely. ............................................10
        B.    Plaintiffs' Claims Under Title VII (First and Fourth Causes of Action) Fail for Additional Reasons Not Addressed by Plaintiffs. ............................................10
CONCLUSION ................................................................................................................................10

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Azzolini v. Alitalia Airlines*,
   1991 WL 243380 (S.D.N.Y. Nov. 13, 1991) ................................................................................9

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*,
   630 F. Supp. 2d 295 (S.D.N.Y. 2009) ........................................................................................4

*Cohn v. N.Y.C. Dep't of Parks*,
   91 Civ. 6943 (AGS), (S.D.N.Y. Aug. 8, 1996) ..........................................................................9

*Comput. Assocs. Int'l, Inc. v. Altai, Inc.*,
   893 F.2d 26 (2d Cir. 1990) .........................................................................................................4

*Curtis v. Citibank, N.A.*,
   226 F.3d 133 (2d Cir. 2000) ................................................................................................2, 5

*Doe v. Anonymous Inc.*,
   2019 WL 2616904 (S.D.N.Y. June 25, 2019) .......................................................................8, 9

*Ghosh v. New York City Dep't of Health*,
   413 F. Supp. 2d 322 (S.D.N.Y. 2006) ........................................................................................8

*Harris v. Off. of N.Y. State Comptroller*,
   2022 WL 814289 (S.D.N.Y. Mar. 17, 2022) .............................................................................9

*Johnson v. Al Tech Specialties Steel Corp.*,
   731 F.2d 143 (2d Cir. 1984) .......................................................................................................7

*Johnson v. NYU Langone Health*,
   2023 WL 6393466 (S.D.N.Y. Sept. 30, 2023) ...........................................................................6

*Kennedy v. Bernhardt*,
   2020 WL 7399050 (W.D.N.Y. Dec. 16, 2020) ..........................................................................8

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
   342 U.S. 180 (1952) ...................................................................................................................4

*McFarlane v. Iron Mountain Info. Mgmt. Servs., Inc.*,
   2018 WL 941748 (S.D.N.Y. Feb. 16, 2018) ..........................................................................2, 4

*Oliver v. Penny*,
   2022 WL 2165814 (2d Cir. June 16, 2022) ...............................................................................3

*Oshinsky v. N.Y.C. Hous. Auth.*,
  2000 WL 218395 (S.D.N.Y. Feb. 23, 2000) ............................................................................8

*Oshinsky v. N.Y.C. Hous. Auth.*,
  98 Civ. 5467 (AGS), 2000 U.S. Dist. LEXIS 1879 (S.D.N.Y. Feb. 23, 2000) .........................9

*Patterson v. Cnty. of Oneida, N.Y.*,
  375 F.3d 206 (2d Cir. 2004) ....................................................................................................9

*Quinn v. Green Tree Credit Corp.*,
  159 F.3d 759 (2d Cir. 1998) ....................................................................................................9

*Sacerdote v. Cammack Larhette Advisors, LLC*,
  939 F.3d 498 (2d Cir. 2019) ....................................................................................................3

*Smith v. Sebelius*,
  2011 WL 7427733 (S.D.N.Y. Dec. 28, 2011), *report and recommendation adopted*, 2012 WL 627237 (S.D.N.Y. Feb. 27, 2012) ...............................................................7

*South v. Saab Cars USA, Inc.*,
  28 F.3d 9 (2d Cir. 1994) ..........................................................................................................7

*State of N.Y. v. Blank*,
  1991 WL 208883 (N.D.N.Y. Oct. 10, 1991), *aff'd in part*, 27 F.3d 783 (2d Cir. 1994) ...............................................................................................................................4

*Taylor v. City of New York*,
  207 F. Supp. 3d 293 (S.D.N.Y. 2016) .....................................................................................9

*Thomas v. City of New York*,
  953 F. Supp. 2d 444 (E.D.N.Y. 2013) .....................................................................................8

**STATUTES**

Adult Survivors' Act ........................................................................................................... *passim*

New York Penal Law § 130 ..............................................................................................................6

**PRELIMINARY STATEMENT**

Plaintiffs' opposition ("Pl. Opp.") to the RU Defendants'[1] motion to dismiss fails to meaningfully contest that this case ("*Marciniak II*") is duplicative of the prior lawsuit filed by these same Plaintiffs ("*Marciniak I*"), in which a fully-briefed motion to dismiss is currently pending before Judge Carter. In light of their admission that these cases involve "common questions of law, the same operative facts, [and] substantially the same parties and witnesses" (ECF No. 33), Plaintiffs cannot and have not offered any valid basis for allowing these duplicative lawsuits to proceed simultaneously, nor have they explained why they could not have sought leave to amend *Marciniak I* instead of avoiding Judge Carter's jurisdiction by filing this case. This case should be dismissed in its entirety as duplicative of *Marciniak I*.

Plaintiffs also ignore or fail to effectively counter the RU Defendants' additional and independent bases for dismissal of Plaintiffs' first through eighth causes of action under the Adult Survivors' Act ("ASA") (which, contrary to Plaintiffs' position, does not create any cognizable cause of action), Title VII, the NYSHRL, NYCHRL and for intentional infliction of emotional distress ("IIED").

As Plaintiffs' first through eighth causes of action are defective and they have withdrawn their ninth (for loss of consortium), the Complaint should be dismissed on these bases as well.

**ARGUMENT**

**I.   Plaintiffs' Complaint Should Be Dismissed Because It Is Duplicative of *Marciniak I*.**

Plaintiffs' opposition notably does not dispute or address, and therefore concedes, core facts necessitating a conclusion that *Marciniak I* and *Marciniak II* are duplicative. Indeed,

---

[1] Unless otherwise noted, all abbreviations herein are identical to those in The Rockefeller University and Dr. Winrich Freiwald's Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Complaint ("RU Br.") (ECF No. 50.)

1

Plaintiffs do not contest that the two cases arise out of the same events. They do not address their prior admission to this Court that *Marciniak I* and *Marciniak II* involve "common questions of law, the same operative facts, [and] substantially the same parties and witnesses." (ECF No. 33.) Nor do they contest that they could have filed the claims here at issue, naming the defendants here at issue, in *Marciniak I* or take issue with Judge Carter's finding in *Marciniak I* that "[p]laintiffs have not shown good cause for filing a new action (*Marciniak II*) involving common questions of law and fact and substantially the same parties and witnesses." (Bloom Decl. Ex. A.)

Instead, Plaintiffs argue that *Marciniak II* should "remain intact" because: (1) not all of the parties or claims are identical; (2) *Marciniak I* has not generated a final judgment; and (3) Plaintiffs should be excused for filing *Marciniak II* "in an effort to preserve Marciniak's rights." (Pl. Br. at 10.) None of these are valid reasons for allowing this duplicative litigation to proceed, nor to stay it pending resolution of *Marciniak I*, as Plaintiffs request in the alternative.

First, that the causes of action and parties are not identical is not a basis for allowing the duplicative *Marciniak II* to proceed. Plaintiffs have not cited one case that holds that the legal causes of action must be identical. This is because the law is clear, to the contrary, that "'[d]uplicative' complaints are those which plead claims that '*aris[e] out of the same events*.'" *McFarlane v. Iron Mountain Info. Mgmt. Servs., Inc.*, 2018 WL 941748, at *2 (S.D.N.Y. Feb. 16, 2018) (emphasis added). Here, Plaintiffs have admitted that their claims arise out of "the same operative facts."[2] (ECF No. 33.) Furthermore, the only legal cause of action Plaintiffs

---

[2] Plaintiffs' selective quotes from *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) as support for permitting the duplicative *Marciniak II* to proceed are misguided and misleading. While finding that the trial court abused its discretion in dismissing claims based on events occurring *after* the earlier-filed case, the Second Circuit affirmed the dismissal of all other claims arising out of the same events as those alleged in the earlier-filed case. *Id.* at 136-40. Thus, the holding in *Curtis* supports the RU Defendants' request that the Court dismiss *Marciniak II* because it is

attempt to assert against the RU Defendants in *Marciniak II* that is not present in *Marciniak I* is their seventh cause of action under the ASA, which, as explained in the RU Defendants' opening brief and below, is not an independent cause of action but instead is a statute that extended the limitations period for other civil claims.

As to the identity of the parties, Plaintiffs fail to address, and thus concede, that well-established law provides that a court may dismiss a later-filed case that names additional defendants where the new defendants in the later-filed action were in privity with a defendant from the original action. (RU Br. at 11-12.) Plaintiffs do not contest that Dr. Freiwald and Azevedo were each in privity with a defendant named in *Marciniak I*. *Id.*

Second, Plaintiffs' argument that *res judicata* operates to bar dismissal of *Marciniak II* until there is a final judgment in *Marciniak I* is plainly incorrect. Indeed, in *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019), a case cited in the RU Defendants' moving brief, the Second Circuit rejected Plaintiffs' position, stating that "[t]he vital difference between the rule against duplicative litigation and the doctrine of claim preclusion, however, is that *the former can only be raised to bar one of two suits that are both still pending*." (emphasis added.) In subsequent decisions, the Second Circuit has ruled repeatedly that a duplicative lawsuit can be dismissed *when the original lawsuit is still pending. See Wang v. Ren*, 2023 WL 1977233, at *1 (2d Cir. Feb. 14, 2023) (noting that the district court "dismissed *Wang II* as duplicative of the then-pending *Wang I*"); *Oliver v. Penny*, 2022 WL 2165814, at *1 (2d Cir. June 16, 2022) (analyzing the rule "to bar one of two suits that are both still pending");

---

undisputed that the events underlying the claims in *Marciniak II* are the same events underlying the claims in *Marciniak I*, so that all claims could have been raised there.

*McFarlane*, 2018 WL 941748, at *2 (dismissing a complaint that is duplicative of a pending case).

Third, Plaintiffs' plea to be excused for filing a duplicative action in an "effort to preserve Marciniak's rights" (Pl. Opp. at 10) is not persuasive. They cite as justification that they (1) "litigated *pro se* until November 9, 2023", (2) that "the statute of limitations to bring a sexual assault claim against Azevedo individually was approaching . . . via the 'ASA'"", and (3) that their motion to consolidate *Marciniak I* with this action was denied. *Id.* None of these reasons is meritorious. Plaintiffs neglect to mention that their counsel appeared in *Marciniak I* several weeks before the ASA revival window closed, so they had ample time to seek leave to amend *Marciniak I* rather than file this action. In any event, the purported ASA claim added in *Marciniak II* is defective because the ASA does not create an independent cause of action. This new defective claim does not justify permitting *Marciniak II* to proceed. And importantly, in denying the motion to consolidate, Judge Carter expressly found that plaintiffs failed to show good cause for filing a duplicative action. (Bloom Decl. Ex. A.)

In apparent recognition that *Marciniak I* and *Marciniak II* are duplicative, Plaintiffs ask, in the alternative, for a stay of this case pending the outcome of *Marciniak I*. Plaintiffs have provided no basis for staying instead of dismissing this action. Nor do they cite to any case where a duplicative lawsuit was stayed rather than dismissed.[3]

---

[3] Indeed, the cases cited by Plaintiffs for the general proposition that a court has the power to stay a lawsuit are inapposite here because they do not involve the issue of duplicative lawsuits. *See e.g.*, *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952) (affirming grant of stay where information from distinct suit involving infringement of same patents was relevant to separate invalidation action); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295 (S.D.N.Y. 2009) (granting motion to stay where the Eleventh Circuit's review of several other challenges to the same law would be instructive as to the merits of the instant case); *State of N.Y. v. Blank*, 1991 WL 208883 (N.D.N.Y. Oct. 10, 1991), *aff'd in part*, 27 F.3d 783 (2d Cir. 1994) (granting defendants' motion to stay where the defendants' liability was dependent upon the outcome of separate action). In one of the cases Plaintiffs cite, the Second Circuit actually affirmed the *denial* of a plaintiff's motion to stay a counter-lawsuit. *See Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26 (2d Cir. 1990).

Moreover, Plaintiffs' baseless assertion that the RU Defendants would not be harmed by a stay misses the point and is incorrect. Plaintiffs should not benefit from their improper filing duplicative litigation. As the Second Circuit stated in *Curtis*, a case on which Plaintiffs rely, "[t]he power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation … [and] to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" 226 F.3d at 138 (citations omitted). Accordingly, the Complaint in *Marciniak II* should be dismissed in its entirety because it is duplicative of *Marciniak I*.

## II.     Plaintiffs Fail to Counter That Independent, Additional Grounds Warrant Dismissal of Many of Plaintiffs' Claims.

Beyond withdrawing their ninth cause of action (for loss of consortium), Plaintiffs fail to meaningfully respond to the RU Defendants' additional and independent grounds for dismissal of Plaintiffs' claims under the ASA, Title VII, the NYSHRL, the NYCHRL, and for IIED. Instead, their opposition brief is replete with recitations of the legal standards and incomprehensible arguments about those claims. None of these arguments counter that the claims should be dismissed.

### A.     Plaintiffs Present No Legal Basis For Their Claim Under The ASA, Nor That the ASA Revives Other Claims.

#### 1.     The ASA Does Not Provide an Independent Cause of Action.

Plaintiffs do not dispute, and thus concede, that the ASA does not provide for an independent cause of action and their seventh cause of action therefore must be dismissed. *See* RU Br. at 13; *see also Holloway v. Holy See*, 537 F.Supp.3d 502, 505 (S.D.N.Y. 2021) ("[T]he CVA itself does not create a cause of action, nor does it regulate conduct.").

        2.      <u>Plaintiffs Fail to Allege Criminal Conduct That Could Revive Their Other Causes of Action Under the ASA.</u>

Plaintiffs also do not meaningfully contest that the ASA cannot apply as a stand-alone claim nor revive the limitations period for Plaintiffs' other, time-barred claims against the RU Defendants because Plaintiffs do not allege conduct by Dr. Freiwald or any other RU employee that constitutes an offense under Section 130 of the New York Penal Law.

Instead, Plaintiffs argue that the ASA covers what they term alleged "facilitation" by Dr. Freiwald of Azevedo's alleged sexual assault. (Pl. Opp. at 16). Yet, "facilitation" is not a Section 130 offense and Plaintiffs offer no legal support to the contrary. In the one case on which they rely – *Johnson v. NYU Langone Health*, 2023 WL 6393466, at *2 (S.D.N.Y. Sept. 30, 2023) – facilitation is nowhere discussed, and indeed, the Court dismissed a claim invoking the ASA for failing to allege any underlying sexual offense.

In addition, none of the paragraphs of the Complaint on which Plaintiffs rely, and for that matter no other part of the Complaint, asserts that the RU Defendants "facilitated" the alleged sexual assault. Specifically, Paragraphs 49 and 50 allege that Marciniak told Dr. Freiwald about a "bad encounter with somebody from another institution," *after* it had occurred. (Compl ¶ 50.) This post hoc allegation cannot possibly be read to mean that Dr. Freiwald "facilitated" such earlier "bad experience" with an unnamed person. Also, Paragraph 87 does not reference Azevedo's alleged prior sexual assault or allege any facilitation by the RU Defendants; it merely alleges that Dr. Freiwald "delegated [her] by email" to attend a remote conference, where Marciniak "unexpectedly encountered" Azevedo on the video screen. (*Id.* ¶ 87.)

Accordingly, the Complaint is devoid of any allegation that could cause the ASA to apply to the RU Defendants, either as a stand-alone claim or to revive the time-barred portions of Plaintiffs' other causes of action.

       3.      <u>Because The ASA Does Not Apply to The RU Defendants, Plaintiffs' Claims Are Untimely.</u>

As described above and in the RU Defendants' opening brief (*see* RU Br. at 14-16), because the ASA does not extend the limitations periods on Plaintiffs' causes of action, the statutory and common-law limitations periods for those claims apply. Here, each of Plaintiffs' causes of action under Title VII, the NYSHRL, the NYCHRL, and for IIED are untimely.

       i.      *Plaintiffs' Title VII Claims Are Untimely.*

In their opposition, Plaintiffs fail to address, and thus concede, that the Complaint's causes of action under Title VII (first and fourth causes of action) are untimely because Plaintiffs did not file their Complaint until November 22, 2023, well after the expiration of the 90-day limitations period after Marciniak received her right-to-sue letter on March 21, 2023.

Plaintiffs incorrectly contend that the equitable tolling doctrine somehow renders the Complaint timely by making June 7, 2022—the date Marciniak filed her original EEOC charge—the relevant date for limitations purposes. (Opp. Br. at 12-15.) "Equitable tolling … is only available in 'rare and exceptional' circumstances, where the plaintiff, despite diligent effort, is prevented in some extraordinary way from filing in accordance with the statutory requirements." *Smith v. Sebelius*, 2011 WL 7427733, at *5 (S.D.N.Y. Dec. 28, 2011), *report and recommendation adopted*, 2012 WL 627237 (S.D.N.Y. Feb. 27, 2012) (dismissing case filed one day after the 90-day limitations period); *see also Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (holding equitable tolling requires some "excusable failure" justifying the toll). "[A] plaintiff's failure to act diligently is not a reason to invoke equitable tolling." *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994).

Nor can Marciniak salvage her claims by the application of the continuing violation exception to the statute of limitations ("CVE"). Critically, "it is of course plaintiff's burden to show the applicability of the [CVE] once defendants show that the action is time-barred." *Thomas v. City of New York*, 953 F. Supp. 2d 444, 452 (E.D.N.Y. 2013) (citation omitted). To make this showing, a plaintiff must point to "specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Oshinsky v. N.Y.C. Hous. Auth.*, 2000 WL 218395, at *8 (S.D.N.Y. Feb. 23, 2000). Notably, courts in the Second Circuit "heavily disfavor" the CVE and will only apply it in "compelling circumstances." *Doe v. Anonymous Inc.*, 2019 WL 2616904, at *4 (S.D.N.Y. June 25, 2019); Oshinsky, 2000 WL 218395, at *8.

Here, Marciniak cannot satisfy her burden of showing that the CVE applies to her Title VII claim. Specifically, the Complaint does not allege any continuing policy or practice of discrimination. Instead, Marciniak merely alleges that a series of discrete "adverse actions" occurred, including "being denied a TA position, suffering the abrupt curtailing of her research which has reputational consequences and being terminated by RU in November 2021." (Pl. Opp. at 14.) It is well established that discrete acts and generalized allegations, such as Marciniak's, do not justify the application of the CVE. *See Kennedy v. Bernhardt*, 2020 WL 7399050, at *5-6 (W.D.N.Y. Dec. 16, 2020) (reversing magistrate's recommendation to apply the CVE in connection with plaintiff's disparate treatment claim).[4]

---

[4] Notably, several of the cases Plaintiffs cite held the continuing violation theory inapplicable where, as here, the facts alleged at most multiple, similar incidents of discrimination rather than a "discriminatory policy or mechanism." *See Ghosh v. New York City Dep't of Health*, 413 F. Supp. 2d 322, 331 (S.D.N.Y. 2006) (rejecting application of continuing violation exception as "[t]he scope of this exception is relatively narrow, and 'multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not

8

As a result, the CVE does not apply to Marciniak's Title VII claims.

### ii. Plaintiffs' NYSHRL and NYCHRL Claims Are Untimely.

Marciniak's NYSHRL and NYCHRL claims (second, third, fifth, and sixth causes of action) also are untimely and the CVE does not salvage those claims.

"[T]he continuing violations doctrine of the NYSHRL mirrors that of Title VII." *Taylor v. City of New York*, 207 F. Supp. 3d 293, 302 (S.D.N.Y. 2016). The standard for the CVE under the NYCHRL similarly requires a plaintiff to demonstrate, in a non-conclusory manner, how untimely allegations specifically relate to timely allegations. *See Doe*, 2019 WL 2616904, at *4-5 (plaintiff's conclusory assertion that her employer "failed to pay or promote her" over time was insufficient to invoke the CVE for NYCHRL claim).

Marciniak's allegations, other than the termination of her employment, all occurred more than three years before the Complaint was filed (*i.e.*, before November 20, 2020), placing them outside the NYSHRL and NYCHRL limitations period. (*See* RU Br. at 16.) And Marciniak's termination of employment cannot provide a basis for invoking the CVE. It "is well established that termination . . . is a single act, discrete in nature to which the continuing violation doctrine does not apply." *Harris v. Off. of N.Y. State Comptroller*, 2022 WL 814289, at *10 (S.D.N.Y. Mar. 17, 2022) (citations omitted); *see Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004) ("[T]he mere fact that an employee was dismissed within the statutory period cannot be used to pull in a time-barred discriminatory act.") (citations omitted).

---

amount to a continuing violation.'"); *Oshinsky v. N.Y.C. Hous. Auth.*, 98 Civ. 5467 (AGS), 2000 U.S. Dist. LEXIS 1879, at *28 (S.D.N.Y. Feb. 23, 2000) (same); *Cohn v. N.Y.C. Dep't of Parks*, 91 Civ. 6943 (AGS), at *18 (S.D.N.Y. Aug. 8, 1996); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766 (2d Cir. 1998) (untimely acts were "not continuous in time with one another or with the timely acts"). Additionally, in *Azzolini v. Alitalia Airlines*, 1991 WL 243380, at *3-4 (S.D.N.Y. Nov. 13, 1991), the court stated that repeated consideration and denials of a promotion "could" be a continuing violation, but in any event the plaintiff's claim was untimely because she failed to file her EEOC charge within 300 days of the last alleged act of discrimination.

Moreover, as noted above, even if the CVE could apply, it does not because Marciniak fails to identify any continuing policy or practice of discrimination but rather only discrete acts.

### iii. *Plaintiffs' IIED Claim Is Untimely.*

Marciniak's IIED claim is barred by the one-year statute of limitations because she waited more than a year to file suit after her employment ended. Marciniak cannot invoke the CVE because she does not and cannot identify any timely conduct that could give rise to any claim given that her employment ended outside of the statute of limitations for an IIED claim.

**B.     Plaintiffs' Claims Under Title VII (First and Fourth Causes of Action) Fail for Additional Reasons Not Addressed by Plaintiffs.**

Lastly, Plaintiffs fail to address, and therefore concede, that their Title VII claims fail for two additional reasons raised in the RU Defendants' moving brief, namely that (1) the ASA, a state statute, cannot revive federal claims such as Title VII claims that have their own statutory limitations periods; and (2) the Title VII causes of action against Dr. Freiwald fail because there is no individual liability under the statute. (RU Br. at 17-18.)

## CONCLUSION

For the foregoing reasons and those presented in their moving brief, the RU Defendants respectfully request that this Court enter an Order dismissing the Complaint against the RU Defendants in its entirety and awarding any other relief that the Court deems just and proper.

Dated: March 21, 2024
New York, New York

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendants*
*The Rockefeller University and*
*Dr. Winrich Freiwald*