UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DR. KAROLINA MARCINIAK-DOMINGUES
GONCALVES AGRE, MR. PEDRO HENRIQUE
MARCINIAK-DOMINGUES GONCALES AGRE,

                                   Case No. 1:23-cv-10305-JPC

                Plaintiffs,

       -against-

MASSACHUSETTS INSTITUTE OF TECHNOLOGY,
ROCKEFELLER UNIVERSITY, NATIONAL
SCIENCE FOUNDATION (NSF) – CENTER FOR
BRAINS MINDS AND MACHINES (CBMM)
COOPERATIVE AGREEMENT, FREDERICO
AZEVEDO, and WINRICH FREIWALD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AZEVEDO'S MOTION TO DISMISS**

---

# BOND, SCHOENECK & KING, PLLC

By:  Louis P. DiLorenzo, Esq.
Mallory A. Campbell, Esq.
*Attorneys for Defendant Frederico Azevedo*
600 Third Avenue
New York, New York 10016-1915
Email address:  ldilorenzo@bsk.com
Telephone:  646-253-2300
Facsimile:  646-253-2301

Dated:  March 25, 2024

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL ALLEGATIONS .................................................................................... 2

ARGUMENT ............................................................................................................ 4

    POINT I ................................................................................................................ 4

        STANDARD ON MOTION TO DISMISS ................................................... 4

    POINT II .............................................................................................................. 4

        PLAINTIFFS IMPROPERLY FILED THIS LAWSUIT ............................. 4

    POINT III ............................................................................................................ 7

        THE ADULT SURVIVOR ACT IS NOT A PROPER CAUSE OF ACTION.................... 7

    POINT IV ............................................................................................................ 7

        WITHOUT THE ASA, ALL OF PLAINTIFFS' CLAIMS WOULD BE TIME-BARRED . 7

    POINT V .............................................................................................................. 9

        THE ASA DOES NOT REVIVE TITLE VII CLAIMS ................................ 9

    POINT VI ............................................................................................................ 9

        TITLE VII CANNOT BE BROUGHT AGAINST INDIVIDUAL DEFENDANTS ........... 9

    POINT VII ........................................................................................................... 9

        PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED ....................... 9

    POINT VIII ........................................................................................................ 12

        THE COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII,  THE NYSHRL, OR THE NYCHRL ............................................................................ 12

    POINT IX ........................................................................................................... 17

        PLAINTIFFS' RETALIATION CLAIMS MUST BE DISMISSED ................................ 17

    POINT X ............................................................................................................. 19

        PLAINTIFFS' LOSS OF CONSORTIUM CLAIM MUST FAIL ...................... 19

CONCLUSION ....................................................................................................... 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aiossa v. Bank of America, N.A.*,
   No. 10-CV-1275 (JS) (ETB), 2012 WL 4344183 (E.D.N.Y. Sept. 21, 2012).........................17

*Arazi v. Cohen Brothers Realty Corp.*,
   1:20-cv-8837-GHW, 2022 WL 912940 (S.D.N.Y. Mar. 28, 2022)..........................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................................4

*Bartman v. Shenker*,
   786 N.Y.S.2d 696 (N.Y. Sup. Ct. 2004) ...............................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................4

*Branded Apparel Group LLC v. Muthart*,
   17 Civ. 5956 (PAE), 2018 WL 4308545 (S.D.N.Y. Sept. 10, 2018).......................................5

*Buon v. Spindler*,
   65 F.4th 64 (2d Cir. 2023)....................................................................................................10

*Carroll v. Trump*,
   650 F.Supp.3d 213 (S.D.N.Y. 2023)........................................................................................9

*Cavalotti v. Daddyo's BBQ, Inc.*,
   15 Civ. 6468 (PKC) (VMS), 2018 WL 5456654 (E.D.N.Y. Sept. 8, 2018) ...........................16

*DeBernardo v. Lowe's Home Ctrs.*,
   22-453, 2023 WL 2291882 (2d Cir. Mar. 1, 2023)................................................................17

*Doe v. New York City Dept. of Educ.*,
   Case No. 21-CV-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) ....................................9

*Doolittle v. Bloomberg, L.P.*,
   Case No. 22-cv-09136 (JLR), 2023 WL 7151718 (S.D.N.Y. Oct. 31, 2023)...................11, 12

*Edo v. Antika Pizzeria Astoria, Inc.*,
   852 Fed.Appx. 618 (2d Cir. 2021).........................................................................................12

*Figueroa v. Rsquared NY, Inc.*,
   89 F.Supp.3d 484 (E.D.N.Y. 2015) .......................................................................................10

*Franchitti v. Cognizant Tech. Sols. Corp.*,
No. 21-CV-2174, 2022 WL 2657171 (S.D.N.Y. July 8, 2022) ................................................8

*Frederick v. Passfeed, Inc.*,
No. 21-CV-2066 (RA), 2022 WL 992798 (S.D.N.Y. Mar. 31, 2022) ....................................19

*Giuffre v. Dershowitz*,
No. 19 Civ. 3377 (LAP), 2020 WL 2123214 (S.D.N.Y. Apr, 8, 2020) ..................................8

*Goldman v. MCL Companies of Chicago, Inc.*,
131 F.Supp.2d 425 (S.D.N.Y. 2000) .....................................................................................20

*Gonzalez v. City of New York*,
15-Cv-3158 (WFK) (CLP), 2015 WL 9450599 (E.D.N.Y. Dec. 22, 2015) ...........................18

*Griffin v. Sirva, Inc.*,
291 F.Supp.3d 245 (E.D.N.Y. 2018) .............................................................................13, 17

*Holloway v. Holy*,
537 F.Supp. 3d 502 (S.D.N.Y. 2021) ..................................................................................8, 9

*Hughes v. Twenty-First Century Fox, Inc.*,
304 F.Supp.3d 429 (S.D.N.Y. 2018) .....................................................................................14

*Isbell v. City of New York*,
316 F.Supp.3d 571 (S.D.N.Y. 2018) .....................................................................................11

*Kane v. Mount Pleasant Cent. Sch. Dist.*,
80 F.4th 101 (2d Cir. 2023) ....................................................................................................9

*Lesocovich v. 180 Madison Ave. Corp.*,
165 A.D.2d 963 (N.Y. App. 1990) ........................................................................................21

*Liu v. Chan*,
No. 20-CV-5651-KAM-SJB, 2021 WL 2281636 (E.D.N.Y. May 12, 2021) ..........................5

*Malcolm v. Rochester City Sch. Dist.*,
828 F. App'x 810 (2d Cir. 2020) ............................................................................................5

*McFarlane v. Iron Mountain Information Mgmt Servs., Inc.*,
17cv9739(DLC), 2018 WL 941748 (S.D.N.Y. Feb. 16, 2018) ...............................................7

*McHenry v. Fox News Network, LLC*,
510 F.Supp.3d 51 (S.D.N.Y. 2020) .......................................................................................18

*Metauro v. Abbott Laboratories*,
146 Misc.2d 537 (N.Y. Sup. Ct. 1990) .................................................................................21

*Ming En Wang v. Haiying Ren*,
   19-CV-5310 (JPO), 2020 WL 6825675 (S.D.N.Y. Nov. 20, 2020) ........................................7

*Morales v. New York & Presbyterian Hosp.*,
   18-CV-9711 (GBD) (KHP), 2019 WL 8989858 (S.D.N.Y. Nov. 20, 2019) ..........................13

*Morrison v. Scotia Capital (USA) Inc.*,
   21-CV-1859 (SHS), 2023 WL 8307930 (S.D.N.Y. Dec. 1, 2023) ...........................................9

*Murphy v. Cadillac Rubber & Plastics, Inc.*
   946 F.Supp. 1108 (W.D.N.Y. 1996) ....................................................................................20

*Murphy v. Eli Lily & Co.*,
   146 Misc.2d 23 (N.Y. Sup. Ct. 1989) ..................................................................................21

*Nat'l R.R. Passenger Corp v. Morgan*,
   536 U.S. 101 (2002) ............................................................................................................11

*O'Gorman v. Holland*,
   No. 97 CIV. 0842 (WHP), 2000 WL 134514 (S.D.N.Y. Feb. 3, 2000) ...............................21

*Ochoa v. New York City Dept. of Educ.*,
   20-cv-9014 (ALC), 2021 WL 5450343 (S.D.N.Y. Nov. 22, 2021) ......................................19

*Olaechea v. City of N.Y.*,
   No. 17-CV-4797 (RA), 2022 WL 3211424 (S.D.N.Y. Aug. 9, 2022) ..................................19

*Oliver v. Penny*,
   21-111, 2022 WL 2165814 (2d Cir. June 16, 2022) .........................................................5, 6

*Pilgrim v. McGraw-Hill Companies, Inc.*,
   599 F.Supp.2d 462 (S.D.N.Y. 2009) ...................................................................................10

*Ragone v. Atl. Video at the Manhattan Ctr.*,
   595 F.3d 115 (2d Cir. 2020) .................................................................................................8

*Roches-Bowman v. City of Mount Vernon*,
   No. 21-CV-5572, 2022 WL 3648394 (S.D.N.Y. Aug. 24, 2022) .........................................8

*Sowemimo v. D.A.O.R. Sec., Inc.*,
   43 F.Supp.2d 477 (S.D.N.Y. 1999) .....................................................................................17

*Toledo v. Unibud Restoration Corp.*,
   21 Civ. 882 (GBD) (SN), 2022 WL 171198 (S.D.N.Y. Jan. 19, 2022)...........................15, 18

*Truman v. Brown*,
   434 F.Supp.3d 100 (S.D.N.Y. 2020).....................................................................................8

*Wang v. Ren*,
  No. 20-4216, 2023 WL 1977233 (2d Cir. Feb. 14, 2023) ....................................................5, 6

**Statutes**

Adult Survivors Act ........................................................................................................ *passim*

New York State Human Rights Law ................................................................................ *passim*

New York City Human Rights Law................................................................................. *passim*

**Other Authorities**

CPLR § 214-j .......................................................................................................................9

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................................1, 2, 4

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Defendant Frederico Azevedo ("Dr. Azevedo") by and through its attorneys, Bond, Schoeneck & King, PLLC, in support of his Motion to Dismiss the Complaint of Plaintiffs Dr. Karolina Marciniak-Domingues Goncalves Agra ("Marciniak") and Mr. Pedro Henrique Marciniak-Domingues Goncalves Agra ("Agra") (collectively, Marciniak and Agra are referred to as "Plaintiffs") filed on November 22, 2023, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

In the Complaint, Plaintiffs assert nine causes of action: (1) gender and sexual harassment under Title VII; (2) discrimination based on gender and sexual harassment under the New York State Human Rights Law ("NYSHRL"); (3) discrimination based on gender and sexual harassment under the New York City Human Rights Law ("NYCHRL"); (4) retaliation under Title VII; (5) retaliation under the NYSHRL; (6) retaliation under the NYCHRL; (7) New York Adult Survivors Act ("ASA"); (8) intentional infliction of emotional distress ("IIED"); and (9) loss of consortium. Plaintiffs' Complaint is brought against Dr. Azevedo, Massachusetts Institute of Technology ("MIT"), Rockefeller University ("RU"), National Science Foundation – Center for Brains Minds and Machines Cooperative Agreement ("CBMM"), and Winrich Freiwald ("Dr. Freiwald") (collectively, "Defendants").

Plaintiffs' Complaint must be dismissed in its entirety as Plaintiffs have improperly filed this duplicative lawsuit. Plaintiffs' claims under Title VII must further be dismissed since Title VII claims cannot be brought against individual defendants, cannot be revived by the ASA, and are untimely. Plaintiffs' discrimination and retaliation claims under Title VII, the NYSHRL, and the NYCHRL must also be dismissed since Plaintiffs do not assert any employment relationship with Dr. Azevedo. Plaintiffs' retaliation claims under Title VII, the NYSHRL, and the NYCHRL

must further be dismissed since Plaintiffs do not allege any other interactions with Dr. Azevedo after Marciniak's participation in protected activity other than unexpectedly encountering Dr. Azevedo on a computer screen during a remote research seminar.

In sum, the Complaint is devoid of any plausible allegations to state a cognizable claim for relief. Accordingly, the Complaint should be dismissed in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL ALLEGATIONS

Plaintiff Marciniak was employed by RU from in or about September 2016 until her termination on or about November 30, 2021. (Complaint ¶ 10, 43). Plaintiffs allege that Dr. Azevedo was employed as a Teaching Assistant by MIT[1] and Dr. Freiwald was employed as a Professor by RU. (*Id.* at ¶ 15-16, 18-19). In or about August 2017, Plaintiff Marciniak attended a course in Wood Holes, Massachusetts for Defendant CBMM's Summer School. (*Id.* at ¶ 46-47). At CBMM's summer school, Plaintiff Marciniak was assigned off-campus accommodation which she shared with Dr. Azevedo. (*Id.* at ¶ 47). Plaintiff Marciniak alleges that on her last day in the off-campus accommodation, Dr. Azevedo raped her. (*Id.* at ¶ 48).

Thereafter, between on or about September 1, 2017 and September 7, 2017, Plaintiff Marciniak alleges that she confronted Dr. Azevedo about the injuries he had caused. (*Id.* at ¶ 51). Plaintiff Marciniak alleges that Dr. Azevedo harassed her through daily calls and text messages and intimidated her into staying silent about the sexual assault. (*Id.*). Plaintiff Marciniak alleges that from in or about November 2017 to January 2018, Dr. Azevedo coerced her into participating in three-some sexual encounters with other women. (*Id.* at ¶ 53). Plaintiff Marciniak alleges that

---

[1] Dr. Azevedo was not employed by MIT at the time of Plaintiffs' allegations. (See ECF Doc. 59-1).

on or about March 15, 2018, Dr. Azevedo stayed in her two-room apartment at RU where he again engaged in non-consensual intercourse. (*Id.* at ¶ 56).

Plaintiff Marciniak alleges that in or around March 2019, she attempted to file an incident report with MIT's Title IX and Bias Response Office relating to the alleged sexual assault in 2017 in Wood Holes, Massachusetts and the alleged subsequent sexual harassment from Dr. Azevedo. (*Id.* at ¶ 65). However, MIT was unsure whether it was the appropriate entity for Plaintiff Marciniak to pursue her claims. (*Id.*).

On or about May 7, 2019, Plaintiff Marciniak alleges that during a conference at MIT, Dr. Azevedo harassed and intimated her. (*Id.* at ¶ 70).

Later in May 2019, Sarah Rankin from MIT's Title IX office contacted Plaintiff Marciniak and told her that it was determined that the Marine Biological Laboratory ("MBL") was the appropriate entity for her to file her Title IX report with and to investigate the matter. (*Id.* at ¶ 78). On or about May 21, 2019, Plaintiff submitted her written complaint with a list of witnesses to MBL. (*Id.* at ¶ 81). After the investigation concluded, Plaintiff Marciniak alleges that on August 11, 2019, MBL found a lack of probable cause relating to Plaintiff Marciniak's report. (*Id.* at ¶ 86).

Plaintiffs did not have any other in-person contact with Dr. Azevedo after the May 7, 2019 conference and no contact other than "unexpectedly encounter[ing] Azevedo" during a remote seminar in September 2019. (*Id.* at ¶ 87).

On May 18, 2021, Plaintiff filed a sexual harassment and retaliation complaint against Dr. Freiwald and RU with the New York State Division of Human Rights. (*Id.* at ¶ 104). Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC")

on or about June 7, 2022. (*Id.* at ¶ 6). The EEOC issued a Notice of Right to Sue on March 21, 2023. (*Id.*).

## ARGUMENT

### POINT I

### STANDARD ON MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted).

For the reasons discussed below, Plaintiffs fail to state any plausible claim that they are entitled to relief, and their Complaint therefore should be dismissed.

### POINT II

### PLAINTIFFS IMPROPERLY FILED THIS LAWSUIT

On December 29, 2022, Plaintiffs filed a Complaint in the Southern District of New York; Case No. 1:22-cv-10959-ALC-SN ("Marciniak I"). (See ECF Doc. #1 of Marciniak I). On April 10, 2023, Plaintiffs filed an Amended Complaint in Marciniak I. (See ECF Doc. #65 of Marciniak I). This case is currently pending before the Honorable Andrew J. Carter. Instead of amending Marciniak I, Plaintiffs filed this lawsuit on November 22, 2023.

<u>Plaintiffs' Duplicative Lawsuit Should be Dismissed</u>

A "suit may be duplicative where 'the same proof is needed to support the claims in both suits' or 'facts essential to the second suit were present in the first.'" *Branded Apparel Group LLC v. Muthart*, 17 Civ. 5956 (PAE), 2018 WL 4308545, at *3 (S.D.N.Y. Sept. 10, 2018) (quoting *Barclay v. Lowe*, 131 F.App'x 778, 779 (2d Cir. 2005)).

While Dr. Azevedo was not named in Marciniak I, the Second Circuit has repeatedly held that a court should still dismiss a duplicative action where the defendant is in privity with a defendant in the original action. *See, Wang v. Ren*, No. 20-4216, 2023 WL 1977233 (2d Cir. Feb. 14, 2023); *Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810 (2d Cir. 2020); *Liu v. Chan*, No. 20-CV-5651-KAM-SJB, 2021 WL 2281636 (E.D.N.Y. May 12, 2021). "The rule against duplicative litigation requires the parties in the two lawsuits be the same or in privity with one another." *Oliver v. Penny*, 21-111, 2022 WL 2165814, at *2 (2d Cir. June 16, 2022).

For example, in *Wang*, the plaintiff filed two "nearly identical class-action lawsuit[s]." 2023 WL 1977233, at *1. After the judge dismissed the second lawsuit as duplicative, the plaintiff appealed "arguing that the two suits are not, in fact duplicative, because they involve different defendants." *Id.* The Second Circuit affirmed and explained that "while it is true that the two suits name different defendants, there can be no doubt that [the newly added defendant] has a sufficiently close relationship with [defendants from the previous action] to meet the privity requirement." *Id.* at *2.

Here, Plaintiff alleges that Dr. Azevedo was, at all relevant times, an employee of MIT. (Complaint at ¶15).[2] As MIT is a named defendant in Marciniak I, and alleged to be Dr. Azevedo's

---

[2] In their opposition to MIT's motion to dismiss, Plaintiffs states: "Significantly, MIT proffers a sworn affidavit…in support of its argument MIT lacks sufficient contacts with New York to be hauled into its courts but it does not provide the Court with a sworn affidavit by an MIT executive who is willing to testify that Azevedo was not an employee receiving any compensation from MIT in 2017 to the present." (ECF Doc. No. 52 at p. 17). Plaintiffs argued that the

employer, MIT would be in privity with Dr. Azevedo. Furthermore, Plaintiffs cannot have it both ways – seemingly claiming that all defendants jointly employed Marciniak and engaged in some cooperative scheme but then commence Marciniak II involving the same claims and allegations. (See Complaint at ¶ 22) (See ECF Doc. 60 at p. 3).

<u>Plaintiffs' Attempt to File Prior to the ASA Deadline Does Not Excuse the Improper Filing of this Lawsuit</u>

Instead of attempting to amend their complaint in Marciniak I, on November 22, 2023, nearly a year after Marciniak I was filed, Plaintiffs circumvented the Federal Rules and improperly filed this duplicative lawsuit involving the same facts, allegations, laws, and almost all of the same parties as in Marciniak I.[3] As explained by Judge Carter in denying Plaintiffs' motion to consolidate Marciniak I with this case, "Plaintiffs have not shown good cause for filing a new action *(Marciniak II)* involving common questions of law and fact and substantially the same parties and witnesses and requesting to move to consolidate the cases, rather than moving to amend their Complaint in *Marciniak I*, ECF No. 65." (See ECF Doc. #93 of Marciniak I).

Plaintiffs filing of this lawsuit is a thinly veiled attempt to preserve their claims pursuant to the ASA – with the one-year ASA revival window expiring on November 24, 2023, just two days after this lawsuit was filed. However, Plaintiffs attempt to bypass this deadline is not a valid excuse for foregoing the Federal Rules and filing a duplicative lawsuit. *Ming En Wang v. Haiying Ren*, 19-CV-5310 (JPO), 2020 WL 6825675 (S.D.N.Y. Nov. 20, 2020) (Court granted motion to dismiss explaining that filing of "[t]his duplicative litigation is not the proper procedure for adding additional parties and instead is an effort to circumvent the rules pertaining to the amendment of

---

"lack of such an affidavit…supports the existence of an employer-employee relationship between MIT and Azevedo." (ECF Doc. No. 52 at p. 17). In its reply, MIT provided a declaration correctly explaining that MIT never employed Dr. Azevedo prior to March 2021. (ECF Doc. No. 59-1).

[3] Each party in this lawsuit was also named as a defendant in Marciniak I except for the individual defendants, Dr. Azevedo and Dr. Freiwald.

complaints."); *McFarlane v. Iron Mountain Information Mgmt Servs., Inc.*, 17cv9739(DLC), 2018 WL 941748, at *2 (S.D.N.Y. Feb. 16, 2018) ("Plaintiffs may not evade amendment deadlines by filing separate lawsuits that plead claims that were not timely raised in the initial suit. Plaintiff's filing of the Second Action is a clear attempt to avoid the consequences of his failure to comply with the case management schedule in the Initial Action and with the Federal Rules of Civil Procedure.").

Accordingly, Plaintiffs' Complaint should be dismissed in its entirety.

## POINT III

### THE ADULT SURVIVOR ACT IS NOT A PROPER CAUSE OF ACTION

Even if Plaintiffs' Complaint is not dismissed in its entirety pursuant to supra Point II, Plaintiffs' Adult Survivor Act (ASA) claim must still be dismissed. The ASA is not a separate claim, it only creates for the revival of otherwise time-barred civil claims arising out of sexual offenses. *See, Holloway v. Holy,* 537 F.Supp. 3d 502, 505 (S.D.N.Y. 2021) (explaining that the nearly-identical CVA "does not create a cause of action, nor does it regulate conduct."); *Giuffre v. Dershowitz*, No. 19 Civ. 3377 (LAP), 2020 WL 2123214, at *2 (S.D.N.Y. Apr, 8, 2020) (a plaintiff "cannot sue under the CVA because it creates no cause of action, and the CVA itself does not provide for 'proof' of anything because it in no way regulates conduct."). Therefore, Plaintiffs' Seventh Cause of Action must be dismissed.

## POINT IV

### WITHOUT THE ASA, ALL OF PLAINTIFFS' CLAIMS WOULD BE TIME-BARRED

Without the ASA, Plaintiffs' remaining claims would be time-barred as the latest allegation involving Dr. Azevedo occurred in May 2019, this lawsuit was not filed until November 2023, and

the deadline to file with the EEOC is 300 days for Plaintiffs' Title VII claims[4], and the statute of limitations is one year for Plaintiffs' IIED claim[5] and three years for Plaintiffs' NYSHRL[6] and NYCHRL[7] claims.

The ASA "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitation." *Carroll v. Trump*, 650 F.Supp.3d 213, 218 (S.D.N.Y. 2023). The ASA allows for revival only of allegations relating to "a sexual offense as defined in article one hundred thirty of the penal law." CPLR § 214-j. Therefore, Plaintiffs' allegations unrelated to sexual assault/rape are still time-barred.

In addition, the ASA cannot revive claims that occurred outside of New York. *See Holloway*, 537 F.Supp. 3d at fn 2 ("Claims arising pursuant to the CVA must be tied to an alleged violation of New York criminal law, and thus the CVA cannot revive claims where the alleged abuse occurred outside of New York."); *Morrison v. Scotia Capital (USA) Inc.*, 21-CV-1859 (SHS), 2023 WL 8307930, at *2 (S.D.N.Y. Dec. 1, 2023) ("ASA created a year-long window, which expired on November 23, 2023, for plaintiffs to bring certain sexual assault claims **occurring in New York**…") (emphasis added). Therefore, Plaintiffs' allegations related to the 2017 rape in Massachusetts are not revived and therefore are time-barred.

---

[4] *Ragone v. Atl. Video at the Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2020) ("the statute of limitations for filing a charge of discrimination with the Equal Employment Opportunity Commission is 300 days."); *Roches-Bowman v. City of Mount Vernon*, No. 21-CV-5572, 2022 WL 3648394, at *3 (S.D.N.Y. Aug. 24, 2022) ("The filing requirement is analogous to a statute of limitations, barring all claims arising outside the 300-day period.").
[5] *Truman v. Brown*, 434 F.Supp.3d 100, 117 (S.D.N.Y. 2020) ("IIED is subject to a one-year statute of limitations.").
[6] *Franchitti v. Cognizant Tech. Sols. Corp.,* No. 21-CV-2174, 2022 WL 2657171, at *8 (S.D.N.Y. July 8, 2022).
[7] *Arazi v. Cohen Brothers Realty Corp.*, 1:20-cv-8837-GHW, 2022 WL 912940, at *14 (S.D.N.Y. Mar. 28, 2022).

## POINT V

## THE ASA DOES NOT REVIVE TITLE VII CLAIMS

Plaintiffs' Title VII claim cannot be revived by the ASA since the ASA does not revive federal claims. *See, Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4[th] 101, 108 (2d Cir. 2023) (holding that the nearly identical Child Victim's Act did not revive § 1983 or Title IX claims); *Doe v. New York City Dept. of Educ.*, Case No. 21-CV-4332, 2023 WL 2574741, at *3 (E.D.N.Y. Mar. 20, 2023) (same).

## POINT VI

## TITLE VII CANNOT BE BROUGHT AGAINST INDIVIDUAL DEFENDANTS

Even if Plaintiffs' First and Fourth Causes of Action under Title VII could be revived by the ASA, they must still be dismissed as to Dr. Azevedo since Title VII claims cannot be brought against individual defendants. *Buon v. Spindler*, 65 F.4[th] 64, 78 (2d Cir. 2023) (quoting *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000)); *see also, Figueroa v. Rsquared NY, Inc.*, 89 F.Supp.3d 484, 492-93 (E.D.N.Y. 2015) ("Individual defendants may not be held personally liable for alleged violations of Title VII."). Therefore, Plaintiffs' First and Fourth Causes of Action must be dismissed.

## POINT VII

## PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED

Plaintiffs' Title VII claims must further be dismissed since Plaintiffs failed to timely file with the EEOC – within 300 days from the last allegedly discriminatory act. *See, Pilgrim v. McGraw-Hill Companies, Inc.*, 599 F.Supp.2d 462, 473 (S.D.N.Y. 2009) (citing *Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 109 (2002)). "A claim is time-barred if it is not filed within these time limits." *Id.* Plaintiffs do not allege having any contact with Dr. Azevedo after

September 2019 where Marciniak "unexpectedly encountered Azevedo on the screen, who appeared to be the research seminar host." (Complaint at ¶ 87). Plaintiffs did not file an EEOC Charge of Discrimination until June 7, 2022 – over two years after any last contact. (Complaint at ¶ 6).

In their March 11, 2024 letter, Plaintiffs stated that their "claims are timely under the continuing violations doctrine[]" and then proceeded to cite the "relation-back doctrine." (ECF Doc. No. 60).

The continuing violations doctrine "holds that 'if a plaintiff has experienced a continuous practice and policy of discrimination,…the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" *Isbell v. City of New York*, 316 F.Supp.3d 571, 585 (S.D.N.Y. 2018) (quoting *Bermudez v. City of N.Y.*, 783 F.Supp.2d 560, 573 (S.D.N.Y. 2011)). "To qualify for this exception when bringing discrimination claims, Plaintiffs must allege that at least one of the discriminatory acts furthering the alleged policy of discrimination occurred within the limitations period." *Id*. at 585-86. Here, Plaintiff cannot do that. Plaintiffs' last allegation involving Dr. Azevedo was in September 2019. (Complaint at ¶ 87). In addition, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and are "not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-15 (2002); *see also, Bartman v. Shenker*, 786 N.Y.S.2d 696, 702 (N.Y. Sup. Ct. 2004) (applying *Morgan* to determine the application of the continuing violation doctrine to claims brought under the NYSHRL and NYCHRL). Here, all of the allegations involving Dr. Azevedo are discrete acts and therefore do not fall under the continuing violations doctrine.

Under the relation-back doctrine, "claims that were asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Doolittle v. Bloomberg, L.P.*, Case No. 22-cv-09136 (JLR), 2023 WL 7151718, at *5 (S.D.N.Y. Oct. 31, 2023) (quoting *Buon*, 65 F.4th at 77).  However, the relation-back doctrine only applies to "subsequent conduct" where: "[1] the claim would fall within the reasonably expected scope of an EEOC investigation of the charges of discrimination; [2] it alleges retaliation for filing the EEOC charge; or [3] the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Doolittle*, at *5 (quoting *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 57 (2d Cir. 2018)).

It appears that Marciniak has filed multiple EEOC Charges. On August 10, 2020, Marciniak filed an EEOC Charge against CBMM only and for retaliation only. (See Marciniak I, ECF Doc. No. 82-1). Plaintiffs admit that this EEOC Charge was based on retaliation "in relation to the events from February 2020 after denial of a Teaching Assistant position by CBMM's summer program Directors." (See ECF Doc. No. 60). Plaintiffs also allege that on June 7, 2022, Marciniak filed an EEOC Charge against RU only and not Dr. Azevedo. (See Marciniak I at ECF Doc. 65 at ¶ 13). Plaintiffs' allegations against Dr. Azevedo in this complaint would not fall within the reasonably expected scope of an EEOC investigation pertaining to Marciniak's employment at RU or in an investigation pertaining to a retaliation claim against CBMM.

In addition to timely filing with the EEOC within 300 days, a plaintiff also must file his or her suit in federal court "within 90 days of the claimant's receipt of a right-to-sue-letter." *Edo v. Antika Pizzeria Astoria, Inc.*, 852 Fed.Appx. 618 (2d Cir. 2021). "While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Id.* (quoting *Johnson v. Al Tech Specialties Steel*

11

*Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)). However, "[e]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Id.* (internal quotations and citation omitted).

Here, Marciniak received the EEOC Right to Sue Letter on March 21, 2023. (Complaint at ¶ 6) (Marciniak I at ECF Doc. 65 at ¶ 13). This would make the deadline for Plaintiffs to file their Complaint in federal court June 19, 2023. However, Plaintiffs did not file this lawsuit until November 22, 2023 – well over 90 days after the receipt of the Right to Sue Letter. Furthermore, equitable tolling is not warranted here as Plaintiffs have not provided any excuse to allow for equitable tolling – particularly equitable tolling of over five months past the deadline.

Therefore, Plaintiffs' First and Fourth Causes of Action must be dismissed.

## POINT VIII

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER TITLE VII, THE NYSHRL, OR THE NYCHRL

Plaintiffs' First through Sixth Causes of Action assert claims of discrimination and retaliation under Title VII, the NYSHRL, and the NYCHRL. Even if Plaintiffs' Complaint is not dismissed in its entirety pursuant to supra Point II, Plaintiffs' Title VII, NYSHRL, and NYCHRL claims must still be dismissed since Plaintiffs fail to allege an employment relationship with Dr. Azevedo. "An employment relationship is fundamental to asserting a claim of employment discrimination under Title VII . . . the NYSHRL, and/or the NYCHRL." *Morales v. New York & Presbyterian Hosp.*, 18-CV-9711 (GBD) (KHP), 2019 WL 8989858, at *12 (S.D.N.Y. Nov. 20, 2019).

At the time of Plaintiffs' allegations involving Dr. Azevedo, the NYSHRL and the NYCHRL applied only to "employers." Plaintiffs have not adequately pled, nor can they, that Dr. Azevedo was an employer of Marciniak. In *Griffin v. Sirva, Inc.*, the New York Court of Appeals

adopted a four-factor test to determine whether an entity is an individual's direct employer. 29 N.Y.3d 184 (N.Y. 2017). Those four factors are "(1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct." *Id.* at 186 (quoting *State Div. of Hum. Rts. v. GTE Corp.*, 109 A.D.2d 1082, 1083 (4th Dep't 1985)). None of these factors weigh in favor of Dr. Azevedo being an employer of Marciniak. Plaintiffs do not allege that Dr. Azevedo selected or engaged Marciniak, paid Marciniak salary or wages, had the power to dismiss Marciniak from her position, or had the power of control of Marciniak's conduct.

Courts in this Circuit have explained that individual liability under the NYSHRL and the NYCHRL is "limited to individuals with ownership interest or supervisors, who themselves, have the authority to hire and fire employees." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F.Supp.3d 429, 450 (S.D.N.Y. 2018). Here, Plaintiffs do not allege, nor can they, that Dr. Azevedo had an ownership interest or was a supervisor with authority to hire and fire Marciniak.

In their March 11, 2024 letter, Plaintiffs assert that Dr. Azevedo was a joint employer of Marciniak "in conjunction with MIT, RU and Freiwald." (ECF Doc. No. 60 at p. 3). For the same reasons Dr. Azevedo cannot be considered Marciniak's employer, he also cannot be considered Marciniak's joint employer.

An "essential element" of a joint employer finding "requires sufficient evidence of immediate control over the employees." *Id.* (quoting *Serv. Emps. Int'l Union, Local 32BJ v. NLRB*, 647 F.3d 435, 442 (2d Cir. 2011)). Factors to consider whether an entity constitutes a joint employer include: "whether the alleged joint employer (1) did the hiring and firing; (2) directly administered any disciplinary procedures; (3) maintained records of hours, handled the payroll, or provided insurance; (4) directly supervised the employee; or (5) participated in the collective

bargaining process." *Toledo v. Unibud Restoration Corp.*, 21 Civ. 882 (GBD) (SN), 2022 WL 171198, at *1 (S.D.N.Y. Jan. 19, 2022). None of these factors weigh in favor of Dr. Azevedo being a joint employer of Marciniak. Plaintiffs do not allege that Dr. Azevedo had any ability to hire, fire, administer disciplinary procedures, maintain hours or payroll, supervised employees, or participated in the collective bargaining process.

Plaintiffs' claim that Dr. Azevedo was somehow a joint employer of Marciniak does not align with the allegations in Plaintiffs' Complaint. In their Complaint, Plaintiffs allege that:

- Marciniak "applied for a Post Doctorate position **with Defendant RU**....," "**Defenant Freiwald** hired Plaintiff Marciniak…Immediately thereafter, **Rockefeller University** hired Plaintiff," and that "Plaintiff reported directly to **Freiwald** as a W-2 employee." (Complaint at ¶ 26) (emphasis added)

- Marciniak "was terminated on or about November 20, 2021 **by Defendant Freiwald**." (Complaint at ¶ 28) (emphasis added).

- "**Freiwald** sent a 'New Postdoc' email to the Director of Immigration and Academic Appointments group in Human Resources, Maria Lazzaro ("Lazzaro"), who initiates postdoctoral appointments at the request of the Head of Laboratory at **RU**…This email effectively commenced the process of **her employment at RU**." (Complaint at ¶ 41) (emphasis added).

- "Plaintiff accepted the offer of employment, however, **Freiwald** conveyed to Plaintiff **RU** (through his doing) had done her a huge 'favor', which **RU** was doing in her 'complicated' situation as she needed a visa to being working in the U.S." (Complaint at ¶ 42) (emphasis added).

14

- "In or about February 2017, under **Freiwald's** supervision, Plaintiff submitted the postdoctoral research proposal for her work." (Complaint at ¶ 45) (emphasis added).

- "On or about August 12, 2021, just two (2) weeks before her reappointment to a new Research Associate position, **Freiwald** sent Plaintiff an email informing her that **both he and RU** made the collective decision to terminate her employment **at RU** effective November 30, 2021." (Complaint at ¶ 105) (emphasis added).

- "On or about November 17, 2021, Plaintiff received an email from Michael Wiener (with others cc'd) from **RU's HR Department**. The email informed her that **her last day of employment at the University** would be November 30, 2021 and provided her with exit instructions." (Complaint at ¶ 106) (emphasis added).

- "Subsequently, on or about November 20, 2021, Plaintiff received additional exit instructions from **Freiwald's** laboratory manager." (Complaint at ¶ 107) (emphasis added).

- "In or about early 2022, **RU** withdrew its ongoing H-1B petition for Plaintiff's stay and offered her a one-way ticket to Poland." (Complaint at ¶ 108) (emphasis added).

The NYSHRL and the NYCHRL also allows for individuals who are not employers to be held liable for aiding and abetting discriminatory conduct. See N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code § 8-107(6). However, they have to be aiding and abetting an employer. "Before an individual may be considered an aider and abettor, liability must first be established as to the employer." *Cavalotti v. Daddyo's BBQ, Inc.*, 15 Civ. 6468 (PKC) (VMS), 2018 WL 5456654, at *23 (E.D.N.Y. Sept. 8, 2018) (quoting *Dillon v. Ned Mgmt, Inc.*, 85 F.Supp.3d 639, 658 (E.D.N.Y.

2015)); *see also, Griffin*, 291 F.Supp.3d at 254 ("In order for a defendant to be liable as an aider and abettor under section 296(6), a plaintiff must first establish the existence of a primary violation of the NYSHRL by an employer or principal."); *Sowemimo v. D.A.O.R. Sec., Inc.*, 43 F.Supp.2d 477, 490-91 (S.D.N.Y. 1999) (granting summary judgment in favor of perpetrator of racial comments because no liability was established as to employer); *Aiossa v. Bank of America, N.A.*, No. 10-CV-1275 (JS) (ETB), 2012 WL 4344183, at *5 (E.D.N.Y. Sept. 21, 2012) ("As Plaintiff has not established an underlying violation of the NYSHRL or the NYCHRL, her aiding and abetting claims against [the individual defendants] also fail.").

For Plaintiffs to establish that Dr. Azevedo aided and abetted discriminatory conduct, Plaintiffs could pursue two arguments: (1) Dr. Azevedo aided and abetted his own employer who discriminated against Marciniak; or (2) Dr. Azevedo aided and abetted Marciniak's employer who discriminated against her. Plaintiffs do not assert either. Plaintiffs allege that Dr. Azevedo was employed by MIT. (Complaint at ¶ 15). However, Plaintiff's assertion is incorrect and cannot support a theory of discrimination. (See ECF Doc. No. 59-1). Even if Dr. Azevedo was employed by MIT, Plaintiffs have not established that MIT engaged in any discrimination or retaliation which Dr. Azevedo aided or abetted. As evidenced by Plaintiffs' Complaint, Marciniak alleges she was employed by RU and Dr. Freiwald. (*supra* Point VIII.  Plaintiffs have not set forth any allegations that Dr. Azevedo aided and abetted the alleged discriminatory conduct by RU and Dr. Freiwald.

There is no employment relationship between Marciniak and Dr. Azevedo. Dr. Azevedo and Marciniak are simply two individuals working for separate employers. Without an employment relationship established between Marciniak and Dr. Azevedo, Plaintiffs' discrimination and retaliation claims must fail. *DeBernardo v. Lowe's Home Ctrs.*, 22-453, 2023 WL 2291882, at *1 (2d Cir. Mar. 1, 2023) ("An employer-employee relationship is [] required to

sustain analogous claims under the NYSHRL."); *Toledo*, 21 Civ. 882 (GBD) (SN), 2022 WL

171198, at *1-3 (dismissing "sex/gender discrimination . . . *and* retaliation" claims absent an

employment relationship); *Gonzalez v. City of New York*, 15-Cv-3158 (WFK) (CLP), 2015 WL

9450599, at *3 (E.D.N.Y. Dec. 22, 2015) (same).

Therefore, Plaintiffs' First through Sixth Causes of Action must be dismissed.

## POINT IX

## PLAINTIFFS' RETALIATION CLAIMS MUST BE DISMISSED

Plaintiffs' Fourth, Fifth,  and Sixth Causes of Action assert claims of retaliation under Title

VII, the NYSHRL, and the NYCHRL, respectively. Even if Plaintiff's Complaint is not dismissed

in its entirety pursuant to supra Point II or these claims are dismissed pursuant to supra Point VIII,

Plaintiffs' retaliation claims must still be dismissed since Plaintiffs do not assert any allegations

involving Dr. Azevedo after Marciniak allegedly participated in a protected activity. The only

allegation of any retaliatory conduct after Marciniak allegedly engaged in protected activity is that

she encountered Dr. Azevedo on a screen during a remote research seminar.

"The same standards govern retaliation claims under Title VII and the NYSHRL."

*McHenry v. Fox News Network, LLC*, 510 F.Supp.3d 51, 66 (S.D.N.Y. 2020). To demonstrate a

prima facie case of retaliation under Title VII and the NYSHRL, "a plaintiff must establish: '(1)

that she participated in an activity protected by Title VII [or the NYSHRL], (2) that her

participation was known to her employer, (3) that her employer thereafter subjected her to a

materially adverse employment action, and (4) that there was a causal connection between the

protected activity and the adverse employment action.'" *Id*. (quoting *Kaytor v. Elec. Boat Corp.*,

609 F.3d 537, 552 (2d Cir. 2010).

"Retaliation claims under the NYCHRL are subject to a broader standard than under the NYSHRL and Title VII." *Id.* at 67. To state a claim for retaliation under the NYCHRL, "the plaintiff must show that she took an action opposing her employer's discrimination, and that as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Ochoa v. New York City Dept. of Educ.*, 20-cv-9014 (ALC), 2021 WL 5450343, at *4 (S.D.N.Y. Nov. 22, 2021).

"Under both the NYSHRL and the NYCHRL, [] 'individual liability…is limited to cases where an individual defendant…actually participates in the conduct giving rise to the plaintiff's [] retaliation claim.'" *Frederick v. Passfeed, Inc.*, No. 21-CV-2066 (RA), 2022 WL 992798, at *9 (S.D.N.Y. Mar. 31, 2022) (quoting, *Malena v. Victoria's Secret Direct, LLC*, 886 F.Supp.2d 349, 366 (S.D.N.Y. 2012)). "Such participation requires retaliatory 'intent' – and therefore necessarily requires an individual's knowledge of the protected activity at the time of his participation." *Olaechea v. City of N.Y.*, No. 17-CV-4797 (RA), 2022 WL 3211424, at *5 (S.D.N.Y. Aug. 9, 2022) (quoting, *Malena*, 886 F.Supp.2d at 366).

The entirety of Plaintiff Marciniak's allegations that she engaged in protected activity concern the filing of her Title IX complaint. She alleges that in or around March 2019, she attempted to file an incident report with MIT's Title IX and Bias Response Office relating to the alleged sexual assault in 2017 in Wood Holes, Massachusetts and the alleged subsequent sexual harassment from Dr. Azevedo. (Complaint at ¶ 65). However, MIT was unsure whether it was the appropriate entity for Plaintiff Marciniak to pursue her claims. (Complaint at ¶ 65). Ultimately, on or about May 15, 2019, MIT determined that MBL was the appropriate venue for Plaintiff Marciniak to pursue her complaint. (*Id.* at ¶ 78). Thereafter, on May 20, 2019, two individuals from MBL explained the complaint process to Plaintiff Marciniak "should she decide to proceed."

(*Id.* at ¶ 79). On or about May 21, 2019, Plaintiff Marciniak submitted her complaint with a list of witnesses to MBL. (*Id.* at ¶ 81). This was Marciniak's first participation in protected activity. Thereafter, Plaintiffs did not have any contact with Dr. Azevedo other than "unexpectedly encounter[ing]" Dr. Azevedo on screen during a remote research seminar. (*Id.* at ¶ 87).

Thus, Marciniak first engaged in protected activity on or about May 21, 2019. (Complaint at ¶ 81). There are no allegations involving Dr. Azevedo after the filing of Marciniak's Title IX complaint on or about May 21, 2019 other than encountering Dr. Azevedo on a computer screen during a remote research seminar. (See Complaint *generally*). Plaintiffs do not allege that Dr. Azevedo retaliated against them in any way.

Therefore, Plaintiffs' Fourth through Sixth Causes of Action must be dismissed.

## POINT X

### PLAINTIFFS' LOSS OF CONSORTIUM CLAIM MUST FAIL

It appears that Plaintiffs have withdrawn their loss of consortium claim. (See ECF Docs. No. 52 at p. 19 and 54 at p. 18). However, in the event they have not withdrawn this claim, Plaintiffs' loss of consortium claim must still be dismissed.

A "'loss of consortium claim is not an independent cause of action, but is derivative in nature,' and may only be maintained where permitted pursuant to the primary tort." *Goldman v. MCL Companies of Chicago, Inc.*, 131 F.Supp.2d 425, 427 (S.D.N.Y. 2000). Agra's loss of consortium claim cannot be based on Marciniak's Title VII, NYSHRL, or NYCHRL claims. *See, Murphy v. Cadillac Rubber & Plastics, Inc.* 946 F.Supp. 1108, 1124 (W.D.N.Y. 1996) (dismissing loss of consortium claim because the claim cannot be derived from the NYSHRL or Title VII); *O'Gorman v. Holland*, No. 97 CIV. 0842 (WHP), 2000 WL 134514, at *3 (S.D.N.Y. Feb. 3, 2000) (dismissing loss of consortium claims under the NYSHRL and the NYCHRL).

Furthermore, Agra's loss of consortium claim must be dismissed since the alleged conduct involving Dr. Azevedo predated his marriage to Marciniak. "Damages for loss of consortium are not recoverable where, as here, the alleged wrongful conduct preceded the marriage." *Murphy v. Eli Lily & Co.*, 146 Misc.2d 23, 24 (N.Y. Sup. Ct. 1989) (collecting cases); *see also, Metauro v. Abbott Laboratories*, 146 Misc.2d 537, 538 (N.Y. Sup. Ct. 1990) ("The rule in New York is that an action for loss of consortium may not be maintained unless the actionable conduct complained of, and upon which the loss of consortium action is derived, occurred subsequent to the marriage."); *Lesocovich v. 180 Madison Ave. Corp.*, 165 A.D.2d 963, 963 (N.Y. App. 1990) ("It is a rule in this State that damages cannot be recovered under a claim for loss of consortium unless the party asserting said claim was lawfully married to the injured person at the time of the actionable conduct.").

Here, Marciniak alleges that Dr. Azevedo sexually assaulted her in or about August 2017 and on or about March 15, 2018. These allegations pre-date December 18, 2018 – the date Marciniak and Agra were married. (Complaint at ¶ 58, 61) (Marciniak I at ECF Doc No. 65 at ¶ 216).

Therefore, Plaintiffs' Ninth Cause of Action must be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Dr. Azevedo respectfully requests that the Court grant his motion to dismiss Plaintiffs' Complaint in its entirety; together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
      March 25, 2024

                                       BOND, SCHOENECK & KING, PLLC

                                By:  _____/s/_____
                                      Louis P. DiLorenzo, Esq.
                                      Mallory A. Campbell, Esq.
                                      *Attorneys for Defendant Frederico Azevedo*
                                      600 Third Avenue, 22nd Floor
                                      New York, New York 10016-1915
                                      Email address:  ldilorenzo@bsk.com
                                      Telephone:  646-253-2300