UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DR. KAROLINA MARCINIAK-DOMINGUES
GONCALVES AGRE, MR. PEDRO HENRIQUE
MARCINIAK-DOMINGUES GONCALES AGRE,

                                       Case No. 1:23-cv-10305-JPC

                Plaintiffs,


       -against-


MASSACHUSETTS INSTITUTE OF TECHNOLOGY,
ROCKEFELLER    UNIVERSITY,    NATIONAL
SCIENCE  FOUNDATION  (NSF) – CENTER  FOR
BRAINS   MINDS   AND   MACHINES   (CBMM)
COOPERATIVE      AGREEMENT,      FREDERICO
AZEVEDO, and WINRICH FREIWALD,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AZEVEDO'S
MOTION TO DISMISS**

---


# BOND, SCHOENECK & KING, PLLC

By:  Louis P. DiLorenzo, Esq.
Mallory A. Campbell, Esq.
*Attorneys for Defendant Frederico Azevedo*
600 Third Avenue
New York, New York 10016-1915
Email address:  ldilorenzo@bsk.com
Telephone:  646-253-2300
Facsimile:  646-253-2301


Dated: May 6, 2024

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .......................................................................................................................... 1

   POINT I ................................................................................................................................. 1

     PLAINTIFFS' DUPLICATIVE LAWSUIT SHOULD BE DISMISSED ............................ 1

   POINT II ................................................................................................................................ 4

     PLAINTIFFS' FAILURE TO ADDRESS ARGUMENTS BY DR. AZEVEDO SHOULD
     RESULT IN DISMISSAL FOR ABANDONMENT ............................................................. 4

   POINT III .............................................................................................................................. 5

     PLAINTIFFS' TITLE VII CLAIMS MUST FURTHER BE DISMISSED .......................... 5

   POINT IV .............................................................................................................................. 7

     PLAINTIFFS' DISCRIMINATION AND RETALIATION CLAIMS MUST FAIL ........... 7

   POINT V ............................................................................................................................... 8

     PLAINTIFFS' IIED CLAIM ................................................................................................. 8

   POINT VI .............................................................................................................................. 10

     PLAINTIFFS' LOSS OF CONSORTIUM CLAIM .............................................................. 10

CONCLUSION ....................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bonilla v. Smithfield Assocs. LLC*,
  No. 09-cv-1549, 2009 WL 4457304 (S.D.N.Y. Dec. 4, 2009) ..................................................4

*Cabrera v. Quik Park Columbia Garage Corp.*,
  00-CV-3576 (JG), 2000 WL 1897348 (E.D.N.Y. 2000) ..........................................................9

*Curtis v. Citibank, N.A.*,
  266 F.3d 133 (2d Cir. 2000)........................................................................................................2

*Edo v. Antika Pizzeria Astoria, Inc.*,
  852 Fed. Appx. 618 (2d Cir. 2021)..............................................................................................6

*Felix v. City of New York*,
  344 F.Supp.3d 644 (S.D.N.Y. 2018)............................................................................................4

*Liu v. Chan*,
  No. 20-CV-5651-KAM-SJB, 2021 WL 2281636 (E.D.N.Y. May 12, 2021)...........................3

*Malcom v. Rochester City Sch. Dist.*,
  828 F. App'x 810 (2d Cir. 2020) ................................................................................................3

*Martin v. Citibank, N.A.*,
  762 F.2d 212 (2d Cir. 1985)......................................................................................................10

*McFarlane v. Iron Mountain Information Mgmt Servs., Inc.*,
  17cv9739(DLC), 2018 WL 941748 (S.D.N.Y. Feb. 16, 2018) .................................................3

*Ming En Wang v. Haiying Ren*,
  19-CV-5310 (JPO), 2020 WL 6825675 (S.D.N.Y. Nov. 20, 2020) ..........................................3

*Romeo & Juliette Laser Hair Removal, Inc. v. Assar I LLC*,
  No. 08-cv-442, 2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014) .................................................4

*Stuto v. Fleishman*,
  164 F.3d 820 (2d Cir. 1999)........................................................................................................9

*Tekula v. Bayport-Blue Point School Dist.*,
  295 F.Supp.2d 224 (E.D.N.Y. 2003) ..........................................................................................9

*Wang v. Ren*,
  No. 20-4216, 2023 WL 1977233 (2d Cir. Feb. 14, 2023) .........................................................3

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................................1

<u>**PRELIMINARY STATEMENT**</u>

This Reply Memorandum of Law is submitted by Defendant Frederico Azevedo ("Dr. Azevedo") by and through his attorneys, Bond, Schoeneck & King, PLLC, in support of his Motion to Dismiss the Complaint of Plaintiffs Dr. Karolina Marciniak-Domingues Goncalves Agra ("Marciniak") and Mr. Pedro Henrique Marciniak-Domingues Goncalves Agra ("Agra") (collectively, Marciniak and Agra are referred to as "Plaintiffs") filed on November 22, 2023, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

Plaintiffs had four weeks to respond to Dr. Azevedo's Motion to Dismiss. However, in their Opposition, Plaintiffs do not refute the majority of Dr. Azevedo's legal arguments. Instead, Plaintiffs inappropriately cut and pasted their Opposition to Rockefeller University (RU's) and Dr. Freiwald's Motion to Dismiss with this largely identical submission and without any acknowledgment that the claims and facts alleged are different. (Compare ECF Doc No. 54 with ECF Doc. No. 67) (See also, **Exhibit A** to DiLorenzo Declaration).

Plaintiffs' Complaint is devoid of any plausible allegations which state a cognizable claim for relief. Accordingly, the Complaint should be dismissed in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>**ARGUMENT**</u>

**POINT I**

**PLAINTIFFS' DUPLICATIVE LAWSUIT SHOULD BE DISMISSED**

As explained in Dr. Azevedo's moving papers, Plaintiffs' duplicative lawsuit should be dismissed. Plaintiffs simply ignore the argument and case law provided in Dr. Azevedo's brief. Instead, in their Opposition, Plaintiffs merely copy almost word for word their argument from their Opposition to RU's Motion to Dismiss. (Compare ECF Doc. No. 54 at p. 9-12 with ECF Doc. No. 67 at p. 10-13) (See also, **Exhibit A** to DiLorenzo Declaration). Plaintiffs claim that *Curtis v.*

*Citibank, N.A.*, 266 F.3d 133 (2d Cir. 2000), a case not cited by Dr. Azevedo, "more so supports Plaintiffs' position than Defendants." (ECF Doc. No. 67 at p. 10). Plaintiff's reliance on *Curtis* is misplaced. In *Curtis*, the plaintiffs, following the denial of their motion to amend the complaint, instead filed their proposed second amended complaint as a new case. *Id.* at 136. The district court dismissed the second lawsuit as duplicative. *Id.* The Second Circuit broke down the allegations in the duplicative complaint between: (1) issues arising after the first amended complaint was filed; and (2) issues arising before the first amended complaint was filed. For allegations that arose before the first amended complaint was filed, the Second Circuit explained that the "district court correctly held that the plaintiffs may not file duplicative complaints in order to expand their legal rights" and that by filing these issues "in a second action, plaintiffs attempted to avoid the consequence of their delay." *Id.* at 140. Therefore, the plaintiffs could only proceed with the second lawsuit "to the extent they arise out of events occurring ***subsequent*** to the filing of the first amended complaint in [the first lawsuit.]" *Id.* (emphasis added).

Plaintiffs filed their Complaint in *Marciniak I* on December 29, 2022 (See ECF Doc. No. 1 of Marciniak I). On April 10, 2023, Plaintiffs filed an Amended Complaint in *Marciniak I*. (See ECF Doc. No. 65 of Marciniak I). The latest allegation in Plaintiffs' Complaint occurred in early 2022. Therefore, all of the allegations in Plaintiffs' Complaint occurred before they filed their Complaint in *Marciniak I*, and certainly before filing their Amended Complaint in *Marciniak I*, and therefore could have and should have been brought in *Marciniak I*. (See ECF Doc. No. 1).

Plaintiffs next argue that since *Marciniak I* has not reached a final judgment or resolution and because this lawsuit was filed against Dr. Freiwald and Dr. Azevedo, who were not defendants in *Marciniak I*, this lawsuit should proceed. (ECF Doc. No. 67 at p. 11-12). Plaintiffs do not dispute that Dr. Azevedo is in privity with a defendant in *Marciniak I* and ignore the case law cited by Dr.

Azevedo in his moving brief which includes multiple cases where a duplicative lawsuit was dismissed where there was no final judgment and where additional parties (in privity) were added in a duplicative lawsuit. *See, Wang v. Ren,* No. 20-4216, 2023 WL 1977233 (2d Cir. Feb. 14, 2023); *Malcom v. Rochester City Sch. Dist.*, 828 F. App'x 810 (2d Cir. 2020); *Liu v. Chan*, No. 20-CV-5651-KAM-SJB, 2021 WL 2281636 (E.D.N.Y. May 12, 2021). Plaintiffs cite to case law unrelated to the argument presented by Dr. Azevedo.

Plaintiffs lastly claim that their Complaint should not be dismissed since the filing of this Complaint was due to "the statute of limitations…approaching…[and] in an effort to preserve Marciniak's rights." (ECF Doc. No. 67 at p. 12). As explained in Dr. Azevedo's moving papers, Plaintiffs' attempt to circumvent this deadline is not a valid excuse. *Ming En Wang v. Haiying Ren*, 19-CV-5310 (JPO), 2020 WL 6825675 (S.D.N.Y. Nov. 20, 2020) (Court granted motion to dismiss explaining that filing of "[t]his duplicative litigation is not the proper procedure for adding additional parties and instead is an effort to circumvent the rules pertaining to the amendment of complaints."); *McFarlane v. Iron Mountain Information Mgmt Servs., Inc.*, 17cv9739(DLC), 2018 WL 941748, at *2 (S.D.N.Y. Feb. 16, 2018) ("Plaintiffs may not evade amendment deadlines by filing separate lawsuits that plead claims that were not timely raised in the initial suit. Plaintiff's filing of the Second Action is a clear attempt to avoid the consequences of his failure to comply with the case management schedule in the Initial Action and with the Federal Rules of Civil Procedure."). This is exactly what Plaintiffs are inappropriately attempting to achieve here.

Plaintiffs next argue that in the alternative, they should be granted a stay of this case pending the decisions on the defendants' motions to dismiss in *Marciniak I*. (ECF Doc. No. 67 at p. 12). While Plaintiffs do provide the basic rule for when a court should grant a motion to stay,

they provide no basis for why a stay, rather than a dismissal, is warranted here. In fact, Plaintiff does not cite to any case where a duplicative lawsuit was stayed rather than dismissed.

Accordingly, Plaintiffs' Complaint should be dismissed in its entirety.

<div align="center">

**POINT II**

**PLAINTIFFS' FAILURE TO ADDRESS ARGUMENTS BY DR. AZEVEDO SHOULD RESULT IN DISMISSAL FOR ABANDONMENT**

</div>

"Courts 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'" *Felix v. City of New York*, 344 F.Supp.3d 644, 654 (S.D.N.Y. 2018) (quoting *Arma v. Buy seasons, Inc.*, 591 F.Supp.2d 637, 643 (S.D.N.Y. 2008)); *see also, Romeo & Juliette Laser Hair Removal, Inc. v. Assar I LLC*, No. 08-cv-442, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage…a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *Bonilla v. Smithfield Assocs. LLC*, No. 09-cv-1549, 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (dismissing claim "as a matter of law" as "effectively abandoned" where defendant raised three arguments for dismissal and plaintiff responded to only one in his opposition papers.).

Dr. Azevedo set forth a number of arguments that Plaintiffs failed to address and therefore the following claims should be dismissed as abandoned:

- Plaintiffs' allegations unrelated to sexual assault and rape.
  - Plaintiffs do not address Dr. Azevedo's argument that such claims are time-barred, and that the ASA does not revive claims unrelated to sexual assault/rape. (ECF Doc. No. 64 at p. 8).
- Plaintiffs' allegations related to the 2017 rape in Massachusetts.
  - Plaintiffs do not address Dr. Azevedo's argument that such claims are time-barred, and that the ASA does not revive claims where the alleged conduct occurred outside of New York. (ECF Doc. No. 64 at p. 8).

<div align="center">4</div>

- Plaintiffs' claim under the ASA.
  - Plaintiffs do not address Dr. Azevedo's argument that the ASA is not a separate cause of action. (ECF Doc. No. 64 at p. 9).
- Plaintiffs' Title VII claim against Dr. Azevedo.
  - Plaintiffs do not address the argument that Title VII cannot be brought against individual defendants. (ECF Doc. No. 64 at p. 9).
  - Plaintiffs do not address Dr. Azevedo's argument that the ASA does not revive Title VII claims. (ECF Doc. No. 64 at p. 9).
- Plaintiffs' claims under Title VII, the NYSHRL, and the NYCHRL.
  - Other than Plaintiffs' conclusory statements that Dr. Azevedo "acted as [Marciniak's] employer" or "qualified as Marciniak's employer." (ECF Doc. No. 67 at p. 13-14), Plaintiffs do not address Dr. Azevedo's argument that he was not Marciniak's employer or joint employer and therefore Title VII, NYSHRL, and NYCHRL claims do not apply here. (ECF Doc. No. 64 at p. 12-17).
- Plaintiffs' claims under the NYSHRL and the NYCHRL for aiding and abetting discrimination.
  - Plaintiffs do not address Dr. Azevedo's argument that any aiding and abetting discrimination claim under the NYSHRL and NYCHRL must fail. (ECF Doc. No. 64 at p. 15-17).
- Plaintiffs' retaliation claims under Title VII, the NYSHRL, and the NYCHRL.
  - Plaintiffs do not address Dr. Azevedo's argument that Marciniak first engaged in protected activity on or about May 21, 2019 and that there are no allegations involving Dr. Azevedo after this date other than encountering him on a computer screen during a remote research seminar. (ECF Doc. No. 64 at p. 17-19).

## POINT III

### PLAINTIFFS' TITLE VII CLAIMS MUST FURTHER BE DISMISSED

In the event Plaintiffs' Title VII claims are not dismissed because: (1) Title VII does not apply to individual defendants; and (2) Plaintiffs have otherwise abandoned their Title VII claims as outlined in Point II, Plaintiffs' Title VII claims must still be dismissed. In their Opposition, Plaintiffs contend that their Title VII, NYSHRL, and NYCHRL claims should remain intact for reasons not applicable to Dr. Azevedo. Instead of addressing the arguments actually asserted by Dr. Azevedo, Plaintiffs instead repeat almost verbatim from their Opposition to RU's Motion to

Dismiss. (Compare ECF Doc. No. 54 at p. 12-15 with ECF Doc. No. 67 at p. 13-16) (See also, **Exhibit A** to DiLorenzo Declaration).

Without providing any case law in support of their proposition, Plaintiffs assert that "equitable tolling" should maintain Marciniak's Title VII claims as timely "as her original EEOC Charge of Discrimination filed on June 7, 2022 was timely." (ECF Doc. No. 67 at p. 13). However, Plaintiffs ignore Dr. Azevedo's argument in his moving papers that the filing of the June 7, 2022 was in fact untimely since Plaintiffs did not file this Charge until over two years after any last contact with Dr. Azevedo, well over the 300-day requirement as prescribed by Title VII. (ECF Doc. No. 64 at p. 9-10). Furthermore, Plaintiffs provide no justification for why equitable tolling should apply here. Nor do Plaintiffs respond to Dr. Azevedo's case law that "[e]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Edo v. Antika Pizzeria Astoria, Inc.*, 852 Fed. Appx. 618 (2d Cir. 2021) (ECF Doc. No. 64 at p. 11-12).

In their opposition, the Plaintiffs rely on the continuing violation theory to avoid the statute of limitations, however they cite no cases to support their claim. Instead, they cite cases which discuss the "relation-back doctrine". In his moving papers, Dr. Azevedo pointed out this error by explaining that in Plaintiffs' response to his pre-motion letter "Plaintiffs stated that their 'claims are timely under the continuing violations doctrine]' and then proceeded to cite the 'relation-back doctrine.'" (ECF Doc. No. 64 at p. 10) (quoting ECF Doc. No. 60). It appears that Plaintiffs did not even read Dr. Azevedo's papers since Plaintiffs again cite the continuing violations doctrine and then proceed to cite the relation-back doctrine in conclusory fashion, without explaining how either apply to Dr. Azevedo and without addressing Dr. Azevedo's arguments in his moving papers explaining how they do not apply. (ECF Doc. No. 67 at p. 13-14). For the reasons explained in Dr.

Azevedo's moving papers, neither the continuing violations doctrine nor the relation-back doctrine is applicable here. (ECF Doc. No. 64 at p. 10-11).

Lastly, Plaintiffs do not address Dr. Azevedo's argument that they failed to file their suit in federal court within 90 days of receipt of the right-to-sue letter. (ECF Doc. No. 64 at p. 11-12). Plaintiffs allege in their Complaint (and did not dispute in their Opposition) that they received their Right to Sue letter on March 21, 2023. Their Complaint was not filed until November 22, 2023 – well over 90 days later. Plaintiffs did not assert that equitable tolling applies here, only to the filing of their EEOC Charge of Discrimination. (ECF Doc. No. 67 at p. 13). Even if Plaintiffs claim equitable tolling should also apply to this deadline, Plaintiffs have not provided any justification, nor any "rare or exceptional circumstances", that would warrant equitable tolling here.

Therefore, Plaintiffs' First and Fourth Causes of Action under Title VII must be dismissed for these additional reasons.

## POINT IV

## PLAINTIFFS' DISCRIMINATION AND RETALIATION CLAIMS MUST FAIL

As explained previously, Plaintiffs have failed to address numerous arguments set forth by Dr. Azevedo as to why Plaintiffs' discrimination and retaliation claims under Title VII, the NYSHRL, and the NYCHRL fail. (*supra* Point II).

In support of her discrimination claims, Marciniak provides only conclusory statements in her Complaint and her Opposition that Dr. Azevedo was Marciniak's employer and that Marciniak was terminated by RU. However, as detailed by Dr. Azevedo in his moving papers, he was not an employer of Marciniak. Plaintiffs have failed to respond to this argument. Also in support of her discrimination claims, Plaintiffs make another error when they cut and paste from their earlier Opposition papers. These papers provide that: "In further support of Freiwald's role and facilitation…" and "Marciniak had no authority to refuse Freiwald's directive…". (ECF Doc. No.

67 at p. 15). Dr. Freiwald is an entirely different individual Defendant from Dr. Azevedo. Such language appears to be copied and pasted from Plaintiffs' Opposition to RU's Motion to Dismiss and is irrelevant to the motion brought by Dr. Azevedo. In their Opposition, Plaintiffs provide no factual basis setting forth a claim of discrimination against Dr. Azevedo.

Plaintiffs' retaliation claims fare no better. In support of their retaliation claim, Plaintiffs merely state the standard for retaliation under Title VII, the NYSHRL, and the NYCHRL and conclude that the retaliation claim is supported by "the CBMM summer program's denial of the TA position in 2020 not for reasons related to her qualifications...is sufficient to state a claim as to MIT." (ECF Doc. No. 67 at p. 16). First, this language appears to be again copied and pasted from other Oppositions submitted by the Plaintiffs, erroneously referring to MIT instead of somehow having the material relate to Dr. Azevedo. Second, Plaintiffs provide no support in either their Complaint or in their Opposition that Dr. Azevedo was any way involved in the denial of Marciniak's TA position for the CBMM summer program. Lastly, as explained previously, Plaintiffs failed to address Dr. Azevedo's argument warranting dismissal of Plaintiffs' retaliation claims. (*supra* Point II). There are no allegations involving Dr. Azevedo after May 21, 2019 other than encountering him on a computer screen during a remote research seminar and Plaintiffs provide no basis as to how Dr. Azevedo was somehow involved in her denial of a TA position a year later in 2020.

Accordingly, Plaintiffs' First, Second, Third, Fourth, Fifth, and Sixth causes of action should be dismissed in their entirety.

## POINT V

## PLAINTIFFS' IIED CLAIM

Plaintiffs include a section in their Opposition arguing that their IIED claim "should be permitted to continue" since: (1) the Complaint "sufficiently states an IIED claim" and; (2) that

such claim is not time-barred due to equitable tolling. (ECF Doc. No. 67 at p. 17-19). This section appears to be copied almost identically from Plaintiffs' Opposition to RU's Motion to Dismiss. (Compare ECF Doc. No. 54 at 16-18 with ECF Doc. No. 67 at 17-19) (See also, Exhibit A to DiLorenzo Declaration). Perhaps Plaintiffs cut and pasted their arguments against the other Defendants because they were unable to oppose Dr. Azevedo's motion.

Nevertheless, Dr. Azevedo will address Plaintiffs' arguments. First, equitable tolling is not applicable to an IIED claim as is alleged here. *See, Tekula v. Bayport-Blue Point School Dist.,* 295 F.Supp.2d 224, 234 (E.D.N.Y. 2003) (finding IIED claim barred under statute of limitations despite earlier NYSDHR filing); *Cabrera v. Quik Park Columbia Garage Corp.*, 00-CV-3576 (JG), 2000 WL 1897348 (E.D.N.Y. 2000) (the filing of an EEOC claim does not toll the statute of limitations for an IIED claim).

Second, Plaintiffs' argument in support of their IIED claim against Dr. Azevedo is completely unrelated to the action by Dr. Azevedo. Plaintiffs' allege that "Defendants conspired after her complaints were lodged to conceal her sexual assault by Azevedo, the purposeful failure to properly investigate her complaint and cause delay, retaliating against her, supporting Azevedo by maintaining its affiliation with him as well as Freiwald further contributing to her any [sic] emotional distress" and that "Defendants owed and breached a duty to her endangering her physical and psychological safety specifically when facilitating her travel to participate in the CBMM programs in 2017 and 2018." (ECF Doc. No. 67 at p. 18). These allegations do not involve Dr. Azevedo, but instead attempt to allege IIED against other co-defendants. Furthermore, none of these allegations rise to the level of "extreme and outrageous conduct" and "intent to cause or reckless disregard of a substantial probability of causing, severe emotional distress" as required under New York law. *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). The conduct alleged

must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985).

It is curious that Plaintiffs in their opposition papers fail to respond to so many issues raised by Dr. Azevedo and the alleged opposition to Dr. Azevedo's claims with respect to IIED. It is curious because other than Dr. Azevedo's argument that Plaintiffs' entire Complaint should be dismissed as duplicative and that allegations unrelated to sexual assault/rape and outside of New York are time-barred and not revived by the ASA, Dr. Azevedo did not set forth a separate argument regarding Plaintiffs' IIED claim. It is unclear exactly what Plaintiffs' Opposition is responding to, except perhaps it is part of the material cut and paste from the opposition to the other Defendants.

## POINT VI

### PLAINTIFFS' LOSS OF CONSORTIUM CLAIM

Plaintiffs have withdrawn their loss of consortium claim. (ECF Doc. No. 67 at p. 19). Therefore, Plaintiffs' loss of consortium claim should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, Dr. Azevedo respectfully requests that the Court grant his motion to dismiss Plaintiffs' Complaint in its entirety; together with such other and further relief as the Court deems just and proper.

17729269.3 5/6/2024

Dated:  New York, New York
          May 6, 2024

<div style="margin-left:40%">

BOND, SCHOENECK & KING, PLLC

By: _____/s/_____

    Louis P. DiLorenzo, Esq.
    Mallory A. Campbell, Esq.
    *Attorneys for Defendant Frederico*
    *Azevedo*
    600 Third Avenue, 22nd Floor
    New York, New York 10016-1915
    Email address:  ldilorenzo@bsk.com
    Telephone:  646-253-2300

</div>

11