# Shegerian & Associates

Phone: (310) 860-0770 | Fax: (310) 860-0771 | shegerianlaw.com

November 21, 2024

**VIA ECF AND ELECTRONIC MAIL**
Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   *Goncalves Agra v. Massachusetts Institute of Technology, et al;*
      *Case No. 1:23-cv-10305*

Dear Judge Cronan:

We represent Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra ("Plaintiff") in the above-referenced matter. We write in opposition to Defendant Frederico Azevedo's ("Dr. Azevedo") request for leave from the Court to move to dismiss the Amended Complaint. Plaintiff respectfully requests the Court deny Defendant's request to dismiss the Amended Complaint after the addition of a novel claim alleged under the Gender Motivated Violence Protection Act ("GMVPA") or in the alternative, to consolidate the instant action with Case No. 1:22-cv-10959-ALC-SN ("Marciniak I").

In response to Dr. Azevedo's assertion Plaintiff's Amended Complaint (ECF Doc. No. 71) filed October 29, 2024 should be dismissed based on being duplicative, she requests the Court consolidate the instant action with Case No. 1:22-cv- 10959-ALC-SN ("Marciniak I") to avoid dismissal of Plaintiff's meritorious claims specifically the GMVPA recently alleged. Plaintiff puts forth her amendments to her pleading address the claim splitting issue and denies her Amended Complaint is duplicative. Plaintiff's two actions filed before this Court are impermissibly duplicative warranting dismissal of the instant action filed second. "[A] court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." *Curtis v. Citibank, N.A.*, 226 F.3d 133. 138 (2d Cir. 2000). The *Motly v. Her Imps*[1] Court reasoned that because "[c]onsolidation also serves all of the purposes cited by Defendant, including avoiding duplication of judicial effort and vexatious litigation in multiple forums, achieving comprehensive disposition of this litigation, and eliminating the risk of inconsistent judgments." *Naula v. Rite Aid of New York*, No. 08 CIV. 11364(PGG), 2010 U.S. Dist. LEXIS 29699, 2010 WL 2399364, at *5 (S.D.N.Y. Mar. 23, 2010) (quotation omitted) (consolidating second-filed putative class action into first-filed matter). As would be the case here - avoiding the potential for prejudice to Plaintiff.

---

[1] *Motley v. Her Imps.*, 2019 U.S. Dist. LEXIS 238367.

Consolidation under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 42(a) is appropriate where "actions involving a common question of law or fact are pending before the court." 2010 U.S. Dist. LEXIS 29699, [WL] at * 4 (quoting *Devlin v. Transp. Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). Consolidation is "a valuable and important tool of judicial administration" and is particularly appropriate where "savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Id.* (quoting *Devlin*, 175 F.3d at 130). Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Further stated in *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, "[t]he United States Supreme Court has acknowledged that application of the "first-filed" rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952). The "first-filed" rule enables courts to prevent "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). Proper application of the "first-filed" rule requires that the first and subsequently filed case(s) have either identical [**16] or substantially similar parties and claims. See *Spotless Enters. Inc.,* 415 F. Supp. 2d at 205-06.

Consolidation is proper and just in this circumstance and is well within the Court's discretion. In determining the propriety of consolidation, district courts have "broad discretion", although consolidation is favored where supported by "considerations of judicial economy." *Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004). Consolidation is particularly appropriate where, as in this case, the complaints contain nearly identical allegations, involve the same parties, and would not prejudice the plaintiff. Plaintiff's two pending legal actions involve commons questions of law and fact. Plaintiff does not dispute this. She asserts there will be no sacrifice of justice if the matters are consolidated. However, there will be significant gains of efficiency. See *Motley v. Her Imps.*, at 9*.

Plaintiff asserts applying the "first-filed" rule is in line with controlling precedent in the Second Circuit and would prevent duplicative litigation in this case, which Plaintiff did not intend when originally commencing the litigation process. The two actions filed by Plaintiff have almost all the same parties and significant factual overlap. See *Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009). As mentioned in *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, "[t]he general rule among federal district courts is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L.E.2d 483 (1976). "The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata," as each vests a court with the power and discretion to dismiss a duplicative action to promote fairness and judicial economy. *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000).

As an alternative to dismissal, a moving party may raise the "first-filed" rule as grounds for the court order a stay in a subsequent suit. Id. (observing that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").  In terms of when to apply the "first-filed" rule, "[t]he decision of whether to stay or dismiss a proceeding rests within a district judge's discretion." See *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). Plaintiff argues the Court should take whichever action it deems proper to "avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate

the risk of inconsistent adjudication." *Regions Bank v. Wieder & Mastroianni,* P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001). The Second Circuit has emphasized the importance of establishing "a single determination of a controversy between the same litigants." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (noting that a court maintains the power to dispose, or alternatively, postpone resolution of a duplicative action to prevent "concurrent litigation over the same subject matter").

Further, as the two relevant legal actions are pending in the same district court, no transfer is required nor need be analyzed by the Court. Therefore, consolidation would be appropriate in this case in lieu of dismissal of Plaintiff's substantive meritorious claims. Plaintiff respectfully requests this matter not be dismissed but instead consolidated with Marciniak I based on the actions' common questions of law and fact, the principle of judicial efficiency, the lack of prejudice to the parties, precedent supporting the Court's discretion to grant the requested relief and in the interests of justice to preserve Plaintiff's meritorious claims against Defendant.

**Proposed Briefing Schedule:**

- Plaintiff's Consolidation Motion: December 16, 2024
- Defendant's Opposition: December 30, 2024
- Plaintiff's Reply: January 6, 2025

Thank you for your consideration.

Respectfully submitted,

SHEGERIAN & ASSOCIATES

*/s/ Olivia M. Clancy*


All counsel of record (*via ECF*)