**BOND SCHOENECK & KING**

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | bsk.com

**LOUIS P. DILORENZO, ESQ.**
ldilorenzo@bsk.com
P: 646.253.2315

November 12, 2024

**VIA ECF AND ELECTRONIC MAIL**
Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

The parties shall appear before the Court on December 4, 2024, at 10:30 a.m. At the scheduled time, counsel for all parties shall call (646) 453-4442, access code 144755210#.

SO ORDERED
November 22, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

Re:   *Goncalves Agra v. Massachusetts Institute of Technology, et al; Case No. 1:23-cv-10305*

Dear Judge Cronan:

We represent Defendant Frederico Azevedo ("Dr. Azevedo") in the above-referenced matter. Pursuant to Rule 6.A of Your Honor's Individual Rules and Practices, we request leave from the Court to move to dismiss the Amended Complaint filed by Plaintiff Dr. Karolina Marciniak-Domingues Goncalves Agra ("Plaintiff").

On November 22, 2023, Plaintiff filed a Complaint asserting nine causes of action against Dr. Azevedo: (1) gender and sexual harassment under Title VII; (2) discrimination based on gender and sexual harassment under the New York State Human Rights Law ("NYSHRL"); (3) discrimination based on gender and sexual harassment under the New York City Human Rights Law ("NYCHRL"); (4) retaliation under Title VII; (5) retaliation under the NYSHRL; (6) retaliation under the NYCHRL; (7) New York Adult Survivors Act; (8) intentional infliction of emotional distress ("IIED"); and (9) loss of consortium.

Dr. Azevedo filed a motion to dismiss, in part, because Plaintiff had previously filed a lawsuit involving the same basic factual allegations, the same causes of actions, and many of the same defendants in the Southern District of New York on December 29, 2022; Case No. 1:22-cv-10959-ALC-SN ("Marciniak I").

On September 29, 2024, this Court granted Dr. Azevedo's first motion to dismiss. This Court granted Plaintiff thirty days to file an Amended Complaint correcting the deficiencies outlined in Your Honor's Order. (See ECF Doc. No. 70).

On October 29, 2024, Plaintiff filed her Amended Complaint (ECF Doc. No. 71) which is nearly identical to her original Complaint and did not cure any of the deficiencies outlined in Your Honor's Order. (See **Exhibit A** – comparison of Complaint and Amended Complaint). Therefore, Dr. Azevedo asserts that Plaintiff's Amended Complaint should also be dismissed in its entirety.

Hon. John P. Cronan
November 12, 2024
Page 2

**Factual Background**

Plaintiff was employed by Rockefeller University ("RU") from September 2016 until her termination on or around November 30, 2021. In August 2017, Plaintiff attended a summer course held by Defendant Center for Brains Minds and Machines ("CBMM") at the University of Chicago's Marine Biological Laboratory ("MBL") in Wood Holes, Massachusetts. During this summer course, Plaintiff shared an off-campus accommodation with Dr. Azevedo. Plaintiff alleges that in August 2017, Dr. Azevedo raped her at their shared off-campus accommodation. Plaintiff also alleges that Dr. Azevedo raped her again, almost a year later, while Dr. Azevedo was invited to stay at her apartment in New York on or around March 15, 2018.

In March 2019, Plaintiff attempted to file a Title IX complaint with MIT. However, it was later determined that MBL would be the appropriate entity for Plaintiff's complaint. In between Plaintiff's initial attempt to file a Title IX complaint in March 2019 and the determination that MBL should handle the complaint, Plaintiff encountered Dr. Azevedo at a conference at MIT on or around May 7, 2019, where she alleges that Dr. Azevedo harassed and intimidated her. After Plaintiff formally initiated the complaint process with MBL, Plaintiff does not allege any additional harassment (in-person, text, email, etc.) by Dr. Azevedo. On August 11, 2019, MBL concluded their investigation into Plaintiff's complaint and issued a finding of a lack of probable cause. Plaintiff alleges that in or about September 2019, she unexpectedly encountered Dr. Azevedo (electronically) on her computer screen during a remote seminar. Plaintiff does not allege any contact (either in-person or electronically) with Dr. Azevedo after September 2019.

**Plaintiff Improperly Filed this Lawsuit**

On December 29, 2022, Plaintiff filed a Complaint in the Southern District of New York; Case No. 1:22-cv-10959-ALC-SN ("Marciniak I"). This case is currently pending before the Honorable Andrew J. Carter and involves essentially the same facts and same claims as the amended complaint.

As explained in this Court's September 29, 2024 Order, the rule against claim splitting applies when two prongs are established: (1) the parties in the later-filed suit are the same as, or in privity with, the parties in the earlier-filed suit; and (2) the claims asserted in the later-filed suit were, or could have been raised in the earlier-filed suit. (ECF Doc. No. 70 at p. 16) (citing *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019)).

As to Prong (1), while Dr. Azevedo is not a named defendant in Marciniak I, Dr. Azevedo is in privity with MIT who is named as a defendant in Marciniak I and who Plaintiff alleges is Dr. Azevedo's employer. (See ECF Doc. No. 71 at 14). As to Prong (2), all of Plaintiff's claims in this lawsuit are either identical to or could have been brought in her previous suit as they arise out of the same "nucleus of operative fact." *Davis v. Norwalk Econ. Opp. Now, Inc.*, 534 F.App'x 47, 48 (2d Cir. 2013).

As explained in Dr. Azevedo's original motion to dismiss, instead of attempting to amend their complaint in Marciniak I, Plaintiff improperly filed this lawsuit, and this duplicative lawsuit should be dismissed. *See, Malcolm v. Rochester City Sch. Dist.*, 828 F. App'x 810 (2d Cir. 2020); *Liu v. Chan*, 20-CV-5651-KAM-SJB, 2021 WL 2281636, at *5 (E.D.N.Y. May 12, 2021).

Hon. John P. Cronan
November 12, 2024
Page 3

There are additional grounds for dismissal which were raised by Dr. Azevedo in his original Motion to Dismiss. They continue to be applicable and are incorporated here. (See ECF Doc. No. 64).

**Leave to Amend Should be Denied**

"Under Rule 15(a)(2), leave to amend should be freely given unless there is any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, **repeated failure to cure deficiencies by amendments previously allowed**, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 148 n.4 (2d Cir. 2020); *see also, TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint.").

This Court has already issued an Order dismissing Plaintiff's Complaint and outlining the deficiencies in it. (ECF Doc. No. 70). Plaintiff's failure to cure the deficiencies as already outlined by this Court is sufficient grounds to deny leave to amend. *See, Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) ("That Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them is sufficient ground to deny leave to amend *sua sponte*."); *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F.Supp.2d 376, 415 (S.D.N.Y. 2013) ("With respect to the previously pleaded claims, Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*.").

**Proposed Briefing Schedule:**

- Dr. Azevedo's Motion: December 16, 2024
- Plaintiff's Opposition: December 30, 2024
- Dr. Azevedo's Reply: January 6, 2025

Thank you for your consideration.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

*/s/ Louis P. DiLorenzo*

Louis P. DiLorenzo

cc:  Via ECF
     All counsel of record