
Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

December 11, 2024

**By ECF and Email**

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Rm 1320
New York, N.Y. 10007
CronanNYSDChambers@nysd.uscourts.gov

    Re: *Marciniak v. Massachusetts Institute of Technology et al.*, No. 1:23-cv-10305

Dear Judge Cronan:

We represent defendants The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively "RU Defendants") in the above-captioned matter ("*Marciniak II*"). We write regarding the Court's order dated December 4, 2024, instructing the parties to submit either an agreed-upon stipulation of dismissal of Plaintiff's claims in the amended complaint in this action or, if the parties were unable to agree on a stipulation of dismissal, a status letter. As explained below, we have been unable to agree on a stipulation of dismissal with Plaintiff, so we submit this status letter.

On September 30, 2024, this Court dismissed Plaintiff's claims in this action in their entirety because they were duplicative of Plaintiff's claims in her original lawsuit captioned *Marciniak-Domingues Goncalves Agra v. Massachusetts of Technology et al.* No. 1:22-cv-10959-ALC ("*Marciniak I*"). This Court found that both complaints recounted the same basic factual allegations, causes of action, and named many of the same parties. The Court advised Plaintiff that she could file an amended complaint in this action only to the extent she could plead facts and claims that were not duplicative of those in *Marciniak I*. In complete disregard of the Court's Order, Plaintiff, represented by counsel, Olivia Clancy, filed an amended complaint that is virtually identical to the original complaint in this action. Indeed, the only notable differences between Plaintiff's original complaint and the amended complaint in this action are that: (1) Plaintiff is pursuing her claim under the New York Adult Survivor's Act against Defendant Azevedo and no longer against the RU Defendants and Massachusetts Institute of Technology; (2) Plaintiff added a claim under the New York Gender-Motivated Violence Protection Law, arising from the same operative facts as previously pled, none of which provide for a claim against either of the RU Defendants; (3) Plaintiff added or reworded factual allegations in a total of four (4) of the 177 paragraphs of the amended complaint, none of which materially change the facts alleged; and (4) Plaintiff abandoned her loss of consortium claim, so, Plaintiff's husband is no longer a plaintiff.

On November 12, 2024, the RU Defendants sent Plaintiff's counsel a letter pursuant to Federal Rule of Civil Procedure 11 advising that the amended complaint violated this Court's Order. The letter further stated that if Plaintiff did not withdraw the amended complaint and dismiss all claims in this action against the RU Defendants *with* prejudice by December 3, 2024, the RU Defendants would



The Honorable John P. Cronan
December 11, 2024
Page 2

seek leave to file a motion for sanctions. (**Exhibit A**.)  At approximately 10 p.m. on December 3, 2024, Plaintiff's counsel sent counsel for the RU Defendants a proposed stipulation dismissing the claims against them *without* prejudice.

This Court held a conference on December 4, 2024.  During that conference, we explained to the Court that Plaintiff did not make any changes in her amended complaint that would cure the deficiencies the Court identified in its Order and as a result, the RU Defendants believed the amended complaint should be dismissed with prejudice and that sanctions against Plaintiff and her counsel would be appropriate if she did not dismiss the claims in the amended complaint against the RU Defendants with prejudice.  We indicated that we had sent Plaintiff's counsel a Rule 11 letter to that effect weeks earlier.  We noted that we would be willing to carve out from the stipulation any existing claims against RU in *Marciniak I* (the existing defendant to the Second Amended Complaint there) such that the stipulation in this case would not moot her existing claims in that case.

On December 6, 2024, Plaintiff emailed us (and counsel for the other defendants in this action) and notified us that she was relieving Ms. Clancy from representing her in this matter and in *Marciniak I*.  Plaintiff attached a draft stipulation proposing again to dismiss the claims against the RU Defendants in this action *without* prejudice.[1]  (**Exhibit B**.)  That same day, Ms. Clancy filed a letter with the Court seeking to be relieved as counsel for Plaintiff.  (ECF 80.) [2]

In light of this Court's Order and the duplicative pending *Marciniak I* action, the RU Defendants do not agree to Plaintiff's proposed stipulation.  Because Plaintiff is represented by Ms. Clancy, who has not been relieved as counsel in this action, we have not communicated with Plaintiff directly to attempt to negotiate the stipulation of dismissal.

We maintain our position that, consistent with this Court's Order, all claims against the RU Defendants in this action should be dismissed with prejudice, except to the extent Plaintiff has already asserted such claims in *Marciniak I*, she may proceed with them in that case as to the existing parties in that case.  Dr. Freiwald is not a defendant in *Marciniak I*, so all claims against him in this action should be dismissed with prejudice.  Plaintiff, while represented by counsel, filed the amended complaint in this action and the operative complaint in *Marciniak I*.  The fact that she now wishes to relieve Ms. Clancy as counsel is not a reason to delay dismissal of this action or to allow her to flout this Court's order and proceed with her duplicative claims in this action.

Given Plaintiff's refusal to dismiss her claims against the RU Defendants with prejudice consistent with the above, the RU Defendants respectfully request that the Court dismiss *Marciniak II* against

---

[1] Plaintiff also proposes dismissing her claims against the other Defendants (some with prejudice and some without prejudice).

[2] Ms. Clancy also represents Plaintiff in *Marciniak I*.  Ms. Clancy is seeking to withdraw her representation of Plaintiff in that lawsuit as well on the same grounds.



The Honorable John P. Cronan
December 11, 2024
Page 3

them with prejudice.  To the extent the Court is disinclined to do so at this time and is willing to further consider Plaintiff's amended complaint, the RU Defendants note the significant time and resources the Court and the parties have spent addressing Plaintiff's duplicative lawsuits thus far.  To conserve judicial resources and obviate the need for further successive motion practice, the RU Defendants respectfully request that the Court seek clarification from Plaintiff now as to whether she will rest on the operative amended complaint or will seek further amendment in light of her pending request to proceed *pro se*.

We thank the Court for its attention to this matter.


Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom