# EXHIBIT A



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

November 12, 2024

**Via E-mail and FedEx**

Olivia M. Clancy, Esq.
90 Broad Street, Suite 804
New York, NY 10004
oclancy@shegerianlaw.com

Elise M. Bloom
Member of the Firm

d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re: **_Marciniak-Domingues Goncalves Agra v. Massachusetts Institute of Technology_, 1:23-cv-10305-JPC**

Dear Ms. Clancy:

We represent The Rockefeller University ("RU") and Dr. Winrich Freiwald ("Dr. Freiwald") (collectively, the "RU Defendants") in the above-captioned matter ("*Marciniak II*"). We write to notify you pursuant to Federal Rule of Civil Procedure 11(c)(2) that if Plaintiff does not withdraw her First Amended Complaint (ECF. No. 71) ("FAC") with prejudice within twenty-one (21) days of the date of this notice, the RU Defendants intend to seek leave to file a motion for sanctions, including, but not limited to, attorneys' fees and costs.

Rule 11 subjects litigants to sanctions for filing of a pleading "for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation" or that contains "claims, defenses, and other legal contentions" not "warranted by existing law." Fed. R. Civ. P. 11. It is well settled that "[s]anctions should be imposed 'where [as here] it is patently clear that a claim has absolutely no chance of success.'" *Smith v. Westchester Cnty. Dep't of Corr.*, 07 Civ. 1803 SAS, 2013 WL 5192751, at *4 (S.D.N.Y. Sept. 16, 2013) (citing *Ahdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007)).

As you are aware, the RU Defendants and Defendant Massachusetts Institute of Technology ("MIT") successfully moved to dismiss Plaintiff's original complaint in this case on the grounds that it was duplicative of Plaintiff's pre-existing lawsuit captioned *Marciniak-Domingues Goncalves Agra v. Massachusetts Institute of Technology et al.*, 1:22-cv-10959-ALC ("*Marciniak I*"), which Plaintiff commenced in December 2022 and is pending before the Honorable Andrew L. Carter. In granting Defendants' motion in its entirety, the Honorable John P. Cronan found that: "At its core, *Marciniak II* is a repeat of *Marciniak I*: The Complaint here recounts the same basic factual allegations, sometimes word-for word; raises many of the same causes of action, including under Title VII, the NYSHRL, and the NYCHRL; and names as Defendants both MIT and RU." *Id*. at 2. Judge Cronan also noted that Plaintiff had previously acknowledged that the two suits "'involved common questions of law, the same operative facts, [and] substantially the same parties and witnesses.'" *Id*. (citing ECF No. 33 at 1; *Marciniak I*, No. 22 Civ. 10959, ECF No. 88.) Judge Cronan dismissed Plaintiff's complaint and granted her leave to amend "in the event [she] can plead facts and claims that are not duplicative of those in *Marciniak* I." Indeed,



Olivia M. Clancy, Esq.
November 12, 2024
Page 2

the Court expressly advised Plaintiff that she "should amend only to the extent [she is] able to resolve the claim-splitting problems" discussed at length in the Order.  (ECF No. 70 at 27.)

In complete disregard of Judge Cronan's Order, Plaintiff filed the FAC, in which she makes claims that are nearly identical to those in her original complaint in this action and therefore still duplicative of *Marciniak I*.  The only notable differences between Plaintiff's original complaint and the FAC are as follows: (1) Plaintiff is only pursuing her claim under the New York Adult Survivor's Act against Azevedo and has abandoned that claim as to the RU Defendants and MIT; (2) Plaintiff added a claim under the New York City Gender-Motivated Violence Protection Law, arising from the same set of facts as previously pled; (3) Plaintiff added or reworded factual allegations in a total of four (4) of the 177 paragraphs of the FAC, none of which materially change the facts alleged; (4) Plaintiff abandoned her loss of consortium claim; and (5) as a result of the abandonment of the loss of consortium claim, Marciniak's husband is no longer a plaintiff.  The FAC in this case is therefore still premised on the same "basic factual allegations" of "Marciniak's sexual assault and harassment at the hands of Azevedo, her unsatisfaction with the multi-institutional investigatory process once she filed a complaint, her sexual harassment by Freiwald, and her subsequent termination from RU."  (ECF No. 70 at 19.)[1]

Based on the foregoing, Plaintiff's filing of the FAC plainly warrants sanctions.  *See Adams v. N.Y. State Educ. Dep't*, No. 08 CV 5996, 2010 WL 4970011, at *9 (S.D.N.Y. Dec. 8, 2010) ("Presenting again a pleading, written motion or other paper that was adjudicated deficient, without substantially addressing legal deficiencies previously adjudicated, violates the duty to conduct a reasonable inquiry into law.").  *See also Commer v. Am. Fed'n of State, Cnty., Mun. Emps.*, 96 F. App'x 757 (2d Cir. 2004) (affirming award of sanctions where plaintiff "attached a proposed amended complaint to his subsequent motion for leave to amend the complaint repleading the same [ ] claim" that had been dismissed and plaintiff "did not make any new assertion of fact that the district court had not previously reviewed in relation to [that] claim"); *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (affirming award of sanctions where plaintiff sought relief in supplemental complaint that court had previously ruled was not permitted, finding such conduct "frivolous because it was barred by the law of the case").

Accordingly, the RU Defendants request that Plaintiff withdraw her FAC in *Marciniak II* with prejudice.  If Plaintiff fails to withdraw the FAC by **December 3, 2025,** the RU Defendants will seek leave to file a motion for Rule 11 sanctions, including, but not limited to, attorneys' fees and costs.

---

[1] Although Plaintiff filed a Second Amended Complaint ("SAC") in *Marciniak I*, the allegations and causes of action in the SAC in *Marciniak I* remain duplicative of those in the FAC in this case as they arise out of the same allegations discussed above.

**Proskauer**

Olivia M. Clancy, Esq.
November 12, 2024
Page 3

Nothing stated herein is intended to be or should be construed as a waiver of any rights or remedies, all of which are hereby expressly reserved.

Sincerely,

*/s/ Elise M. Bloom*

Elise M. Bloom