Dr. Karolina Agra
500 E. 63rd Street, Apt. 13F
New York, New York 10065
(646) 770-2045
marciniak.kar@gmail.com

December 11, 2024

**Via Pro Se Intake Unit**
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

    **Re:**    **Marciniak-Domingues Goncalves Agra, et al. v. Massachusetts Institute of Technology, et al.**
           **Case No. 1:23-cv-10305**

Dear Judge Cronan:

    I, Plaintiff, *pro se*, write to inform the Court of the current state of negotiations with Defendants regarding a voluntary Stipulation of Dismissal in this action, as directed by the Court on December 4, 2024. Additionally, I write to the Court in a matter of the recent filing by Ms. Clancy, my former attorney, seeking leave to withdraw from this action (ECF No. 115).

    Unfortunately, Ms. Clancy's negligence and incompetence caused me to discharge her as my attorney as soon as I realized that Ms. Clancy's conduct violated the New York Rules of Professional Conduct (specifically Rule 1.1 and 1.8), on December 4, 2024.

    I retained Ms. Clancy on August 23, 2023 for the purpose of pursuing already filed federal action in the SDNY, *Marciniak I*, in front of Judge Carter (1:22-cv-10959). Specifically, Ms. Clancy was retained to seek amendment of my *pro se* initial filings in that case, to pursue all available claims, including those under the Adult Survivors Act and Gender-Motivated Violence Act, and to include the individual defendants, Winrich Freiwald, and Frederico Azevedo, sexual harassment perpetrators. However, as soon as I signed with Ms. Clancy's law firm, Shegerian and Associates, from August 23, 2023, I did not have control over Ms. Clancy's following actions on my behalf.

    Instead of seeking to amend *Marciniak I*, on November 22, 2023, Ms. Clancy filed a separate lawsuit, this action, *Marciniak II*, which I neither authorized nor had any chance of reviewing. Later, when given this Court's leave to cure the issue of claim splitting, which emerged as a direct result of Ms. Clancy's error, she failed to properly rectify the situation. Instead of seeking dismissal of *Marciniak II* without prejudice, she simply refiled the existing claims without modification and added a new one, which originally was to be raised in *Marciniak I*, again, without seeking my authorization or review. Ms. Clancy's conduct frustrated the justice. For now, I intend to proceed *pro se*, until contracting a new attorney.

To cure the claim splitting problem, I am seeking the leave to amend *Marciniak I*, to:

(i) assert Title VII, NYSDHR, and NYCHRL claims of sexual harassment and retaliation, which in *Marciniak I* are currently stated only against corporate Defendants, also against Mr. Freiwald. In *Marciniak II*, these claims are asserted in I- VI Causes of Action,

(ii) assert Civil Battery under the New York Adult Survivors Act against all Defendants. This claim, solely as to Mr. Azevedo, is asserted in *Marciniak II* as VII Cause of Action,

(iii) assert the claim under NYC Gender-Motivated Act against all Defendants. This claim was asserted only in Second Amended Complaint in this action as IX Cause of Action.

For that purpose, I rely on relation back doctrine, as (i) both, new and old claims arose out of the same conduct, transaction or occurrence, (ii) the new parties are "united in interest" with the original Defendants and by reason of that relationship, can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (iii) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well, fulfilling a three-pronged test utilized by the courts to determine whether relation back is applicable under CPLR 203. See *In Brock v. Bua*, 83 A.D.2d 61(2d Dept. 1981).

On December 6, 2024, I reached out to Defendants in this action with a draft of voluntary Stipulation of Dismissal **(EXHIBIT A)**. This draft preserved my right to pursue already existing causes of action in *Marciniak I* pursuant to Title VII, and to add the ones, which were to be add in *Marciniak I* if not for Ms. Clancy's mistake, pursuant to Adult Survivor Act and Gender-Motivate Violence Act.

I requested to know until December 10, 2024, whether Defendants agree. I received a response solely from Defendant MIT, who disagreed with dismissing IX Cause of Action without prejudice. I received no response from Mr. Azevedo neither Mr. Freiwald nor Defendant the Rockefeller University.

In light of the above, I respectfully request that this Court allow the administration of justice and dismiss this action, *Marciniak II*, without prejudice.

Respectfully submitted,

Dr. Karolina Agra
(Plaintiff *pro se*)

*Karolina Agra*
500 E 63rd St, Apt 13F
New York, NY 10065
(646) 770 2045
marciniak.kar@gmail.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. KAROLINA MARCINIAK-DOMINGUES
GONCALVES AGRA,

            Plaintiffs,

-against-

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, ROCKEFELLER UNIVERSITY,
FREDERICO AZEVEDO and WINRICH
FREIWALD,

            Defendants.

No. 23-cv-10305 (JPC)

## STIPULATION OF DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Karolina Marciniak-Domingues Goncalves Agra and Defendants Massachusetts Institute of Technology ("MIT"), The Rockefeller University ("RU"), Federico Azevedo ("Azevedo") and Winrich Freiwald ("Freiwald"), by and through undersigned counsel (Plaintiff is Pro Se), hereby stipulate and agree as follows:

(1) This action as to Title VII claims (First and Fourth Causes of Action), NYS Human Rights Law claims (Second and Fifth Causes of Action), and NYC Human Rights Law claims (Third, Sixth) is hereby dismissed with prejudice against Defendants MIT and Azevedo, and without prejudice against Defendants RU and Freiwald.

(2) This action is hereby dismissed with prejudice as to the Eighth Cause of Action (Intentional Infliction of Emotional Distress) against all Defendants except Defendant RU. The

1

claim against Defendant RU for Intentional Infliction of Emotional Distress is dismissed without prejudice.

(3) This action is hereby dismissed without prejudice as to the Seventh Cause of Action (Civil Battery under Adult Survivor Act) and Ninth Cause of Action (Gender-Motivated Violence).

(4) Each party shall bear her/its own attorneys' fees, costs, and expenses.

Dated: December 6, 2024
       New York, New York

2

Dr. Karolina Marciniak-Domingues Goncalves Agra

---

Dr. Karolina Marciniak-Domingues Goncalves Agra

500 E 63rd St, Apt 13F
New York, New York 10065
Tel. 646.770-2045
marciniak.kar@gmail.com

*Plaintiff Pro Se*

PROSKAUER ROSE LLP

---

Elise M. Bloom
Patrick J. Lamparello
Noa M. Baddish
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
Tel. 212.969.3000
Fax 212.969.2900
ebloom@proskauer.com
plamparello@proskauer.com
nbaddish@proskauer.com

*Attorneys for Defendants
The Rockefeller University and
Dr. Winrich Freiwald*

BOND, SCHOENECK & KING, PLLC

---

Louis P. DiLorenzo
Mallory Campbell
Bond, Schoeneck & King, PLLC (NYC)
600 Third Avenue 22nd Floor
New York, NY 10016
(646) 253-2300
Fax: (646) 253-2301
Email: Dilorel@bsk.com
Email: mcampbell@bsk.com

*Attorneys for Defendant
Federico Azevedo*

GOODWIN PROCTER LLP

_____

Emily Unger
Jennifer Chunias
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
617-570-1000
Email: eunger@goodwinprocter.com
Email: jchunias@goodwinlaw.com

Marco Yu-Hin Wong
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018
212-813-8800
Email: MarcoWong@goodwinlaw.com

*Attorneys for Defendant*
*Massachusetts Institute of Technology*