```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DR. KAROLINA
MARCINIAK-DOMINGUES GONCALVES
AGRA, et ano,

                Plaintiffs,

        v.                              23 Civ. 10305 (JPC)

MASSACHUSETTS INSTITUTE OF
TECHNOLOGY, et al.,

                Defendants.
                                        Telephone Conference
------------------------------x
                                        New York, N.Y.
                                        December 4, 2024
                                        10:30 a.m.

Before:

                      HON. JOHN P. CRONAN,

                                        District Judge

                           APPEARANCES

SHEGERIAN & ASSOCIATES
     Attorneys for Plaintiffs
BY:  OLIVIA M. CLANCY

GOODWIN PROCTER LLP
     Attorneys for Defendant
     Massachusetts Institute of Technology
BY:  JENNIFER CHUNIAS

PROSKAUER ROSE LLP
     Attorneys for Defendants
     Rockefeller University and Freiwald
BY:  NOA M. BADDISH
     ELISE M. BLOOM

BOND, SCHOENECK & KING, PLLC
     Attorneys for Defendant Azevedo
BY:  MALLORY A. CAMPBELL
```

1           THE COURT:  Good morning.  This is Judge Cronan.
2           We're here for Marciniak-Domingues Goncalves Agra v.
3    MIT, et al., 23 Civ. 10305.
4           We do have a reporter joining us.  I'll ask the
5    parties to please identify yourselves when you speak, if it's
6    not obvious who is speaking, so we have a clear record.
7           I remind anyone joining that the court prohibits the
8    recording or rebroadcasting of court conferences like this one.
9           Let me find who we have on the line.
10          I'll start with the plaintiff.
11          MS. CLANCY:  Good morning, your Honor.  Olivia Clancy,
12   for plaintiffs' counsel.
13          THE COURT:  Good morning, Ms. Clancy.
14          And for the defendants, I'll start first with MIT.
15          Is counsel on?
16          MS. CHUNIAS:  Yes.
17          Good morning, your Honor.  This is Jennifer Chunias,
18   and I'm joined by (indiscernible), my colleague from Goodwin
19   Procter, on behalf of MIT.
20          THE COURT:  Good morning, Ms. Chunias.
21          Next we'll go with Rockefeller University and Winrich
22   Freiwald.
23          MS. BADDISH:  Good morning, your Honor.  You have Noa
24   Baddish, and I'm joined by my colleague Elise Bloom.
25          THE COURT:  Good morning, Ms. Baddish and Ms. Bloom.

Oc4WmarC

1           And for Dr. Azevedo.

2           MS. CAMPBELL:  Good morning, your Honor.  This is

3   Mallory Campbell, from Bond, Schoeneck & King, for Dr. Azevedo.

4           THE COURT:  Good morning, Ms. Campbell.

5           I wanted to have this conference after the premotion

6   letter on behalf of defendant Azevedo and really, perhaps more

7   importantly, to discuss the plaintiffs' response to that

8   letter, which asks for leave to move to consolidate.

9           Ms. Clancy, I believe this is the second time that

10  there's been a response to a premotion letter seeking leave,

11  response to a premotion letter that sought leave to move to

12  dismiss with your letter seeking leave to move to consolidate,

13  and I want to make sure my recollection and understanding of

14  the docket is right.  The first time, Judge Carter denied that

15  motion to consolidate, and then I set a briefing schedule on

16  the motion to dismiss, and of course, in September, I resolved

17  that motion.  Now you seem like you want to move before me

18  again for a motion to consolidate.

19          How is that proper?

20          MS. CLANCY:  Your Honor, it may not be, so I do

21  apologize, but I would like to take the opportunity to provide

22  an update.

23          In the other action, before Judge Carter, defense

24  counsel had served plaintiff on November 12 with a notice to

25  bring a Rule 11 motion for sanctions.  So plaintiff responded

Oc4WmarC

1  within that 21-day safe harbor period, offering as a resolution
2  to voluntarily dismiss the action that was currently before
3  you.  So that was circulated yesterday, and -- without
4  prejudice, under Rule 41, just so your Honor is aware that that
5  just happened.
6      THE COURT:  Thank you, Ms. Clancy.
7      I don't know if counsel for the defendants have had a
8  chance to consider that, but is anyone in a position to
9  indicate whether there would be an opposition to stipulating to
10 dismiss the action before me without prejudice?
11     Whoever chimes in, just let me know who you are.
12     MS. BADDISH:  Sure, your Honor.  This is Noa Baddish
13 for Rockefeller University and Dr. Winrich Freiwald.
14     Just to clarify, we actually sent Ms. Clancy the Rule
15 11 letter with respect to this case asking her to dismiss the
16 claims against our clients in this case with prejudice or we
17 would seek sanctions.
18     We are not amenable to a voluntary dismissal without
19 prejudice or stipulating to such.  She already had the
20 opportunity to file an amended complaint that was not
21 duplicative of her claims in Marciniak I.  She failed to do so.
22 We don't want -- there should be no risk that involves another
23 complaint, duplicative complaint, in the future, and the claims
24 against our clients should be dismissed in this case with
25 prejudice.

1        THE COURT:  Ms. Baddish, let me just ask how that
2   would play out, though.  Would there be any concern that a
3   dismissal with prejudice of claims here could impact the claims
4   before Judge Carter, given that they're, as I think found and
5   you claim, duplicative?
6        MS. BADDISH:  I think we could carve those out.  It
7   wouldn't be intended to move for claims in the other case;
8   that's not the intention.  But she doesn't have any -- against
9   Dr. Freiwald.  So we would carve out the claims against the
10  Rockefeller University that are asserted in Marciniak I, but
11  she has no claims in Marciniak I against Dr. Freiwald.
12       THE COURT:  Let me ask Ms. Chunias next what your
13  client's view is on the dismissal.
14       MS. CHUNIAS:  Thank you, your Honor.
15       Essentially, I don't want to repeat what Ms. Baddish
16  said, but we are in alignment.  We just received the response
17  to the Rule 11 letter, to be clear, in this case and offer to
18  dismiss it without prejudice.
19       I imagine the Court may not have had an opportunity to
20  look at the most recently filed complaint in this case, amended
21  complaint.  It's basically exactly the same.  You know, a
22  document comparison shows very, very modest -- like, four --
23  changes in a lengthy complaint, and this is now the fifth
24  attempt that plaintiffs have had between these two actions,
25  multiple motions to consolidate.  And for this to go on in

Oc4WmarC

1   perpetuity just is unacceptable, in our view, and unjust.  So
2   we could only stipulate as to a dismissal with prejudice, and
3   as Ms. Baddish said, we could certainly craft something to
4   carve out the claims in the first action.
5              THE COURT:  Thank you, Ms. Chunias.
6              I have looked at the amended complaint.  In fact, I'm
7   looking on my screen right now at the redline, and after asking
8   Ms. Clancy about the motion to consolidate, my intention was to
9   ask her about what is different with this amended complaint and
10  how it possibly resolves the issues that I had identified in my
11  September opinion.  So I do appreciate your point.
12             Let me just confirm with Ms. Campbell as well.
13             Do you take the same position as other counsel?
14             MS. CAMPBELL:  Yes.  This is Ms. Campbell.
15             We do.  The stipulation was received late last night,
16  so I haven't had the chance to speak with my client yet, but as
17  you've mentioned, the amended complaint is almost identical to
18  the previous complaint, and a dismissal without prejudice is
19  (indiscernible).
20             THE COURT:  Ms. Clancy, I'm happy to hear any
21  arguments that you have in the face of a motion to dismiss, but
22  I will say that my initial reaction from reviewing the amended
23  complaint is that the same problems that I had identified
24  before still exist in this complaint, given the pending action
25  before Judge Carter in 22 Civ. 10959.  If there were a

Oc4WmarC

1  stipulation that made clear that dismissal with prejudice does
2  not impact the pending claims before Judge Carter, are you
3  amenable to that?
4           MS. CLANCY:  Yes, I am.
5           THE COURT:  Well, why don't I give everyone a chance
6  to try to work that out and maybe provide me an update in a
7  week, either a stipulation of dismissal or, if not, a status
8  letter as to where discussions stand.
9           Does that make sense to everyone, everyone on this
10 call, other than, I think -- maybe it's kind of hard to tell
11 who's talking, so if anyone does not agree with that approach,
12 can you let me know and let me know who you are.
13          Hearing nothing, why don't we do that.
14          So either submit a stipulation of dismissal by
15 December 11 or send me an update as to where things stand.  I
16 will hold off on setting any briefing schedule for now, and
17 hopefully forever, and I'll look forward to hearing back from
18 you all in a week.
19          Is there anything else anyone would like to raise
20 while we're together?
21          Go ahead.
22          MS. BADDISH:  Your Honor, I just wanted to clarify,
23 because any premotion letter we were going to file on behalf of
24 Rockefeller or Winrich Freiwald would be due on December 12.
25 So we would have to begin preparing that.  Could that date be

Oc4WmarC

1 pushed off?

2     THE COURT:  That date is pushed off *sine die*.

3     After I get your update or I get whatever I receive on
4 December 11, if it looks like this case is still proceeding and
5 there's a need for motion practice, you can let me know in that
6 letter as well.  And that letter does not have to be a
7 premotion letter, but you could propose a date for your
8 response in that letter.

9     Does that make sense, Ms. Baddish?

10     MS. BADDISH:  Yes.  Thank you, your Honor.

11     THE COURT:  OK.

12     Well, thank you, all.  I think that covers what we
13 needed to cover this morning.  I'll wait to hear back from
14 everyone in about a week.

15     Have a good rest of the day.

16     (Adjourned)

17

18

19

20

21

22

23

24

25